No. 17,287.

SMITH *v.* WOODALL, COUNTY TREASURER ET AL.

(270 P. [2d] 746)

Decided May 17, 1954.

Messrs. Seavy & Seavy, for plaintiff in error.

Messrs. Wagner & Wyers, for defendants in error.

*En Banc.*

Mr. Justice Clark delivered the opinion of the court.

The parties to this action are here in the same order as they appeared in the trial court, and we will herein refer to them as plaintiff and defendants.

This matter is here on, and relates only to, a motion to strike the reporter's transcript. It is being dignified by a formal opinion only in the hope that we may hereby further stress the necessity of adherence to our rules.

Following trial to the court, judgment in favor of defendants was entered in said cause on July 31, 1953. Plaintiff, desiring to have the case reviewed, filed praecipe, pursuant to which writ of error was issued from our Court October 28, 1953. Exactly sixty days from the last mentioned date there was filed in our Court a transcript of the record, certified by the clerk of the trial court, containing all of the matters requested by plaintiff's counsel in their designation of record. No reporter's

transcript was with this record nor had the same been designated by counsel.

On December 28, 1953, there was filed in our Court a motion on behalf of plaintiff "that the time within which a reporter's transcript may be *tendered* be extended for a period of thirty (30) days from and after December 28, 1953." (Emphasis supplied). On January 25, 1954, a similar motion was filed in our Court requesting "that the time within which a reporter's transcript may be *tendered* be extended until March 15, 1954." (Emphasis supplied). Both of these motions were granted. On March 15, 1954, the reporter's transcript was filed directly in this Court without ever having been tendered to the clerk of the trial court or lodged in her office for any period of time whatsoever. In fact, it shows that it was tendered to the trial judge for signature on March 11 and signed by him on that date. The record fails to show that defendants' counsel had any notice of the aforementioned motions.

Shortly after learning of the filing of the reporter's transcript in this Court, counsel for defendants on April 29, 1954, filed herein their motion to strike said transcript alleging various violations of subdivision (f), rule 112, R.C.P. Colo.

██ While we doubtless have the inherent power to enlarge the time within which a reporter's transcript may be lodged with the clerk of the trial court, this function lies primarily and especially within the province and jurisdiction of the trial court. Rules 111 (c) and 112, R.C.P. Colo.; *Continental Air Lines v. City and County of Denver*, 129 Colo. 1, 266 P. (2d) 400. We infringed upon the duty and prerogatives of the trial court by granting the two motions for extension above set forth. Exactly why we felt impelled to so act, we do not now recall, nor is it important. Certainly there was nothing contained within the first motion to indicate that proper enlargements had not been already procured extending the time to December 28, 1953; nor did we, by

438

our action, bring about waiver of any violations of the rule. In any event, attention to details of this nature is the obligation of counsel representing litigants, for whose mistakes courts are not responsible.

By rule 111 (c), R.C.P. Colo., it is required that "The party seeking the writ of error shall do any and all things necessary under Rule 112 to obtain such record on error." Rule 112 (f) relates particularly to reporter's transcript and is as follows: "The party seeking reversal shall, within 60 days from the date of the judgment sought to be reviewed, lodge with the clerk of the trial court the reporter's transcript containing such parts of the proceedings and evidence as may have been designated. The clerk shall immediately give written notice thereof to opposing parties, who shall have 14 days thereafter in which to file written objections to such transcript. If none is filed, such transcript shall be signed and certified by the judge and become a part of the record in the supreme court. If objection is filed the party seeking reversal shall be immediately notified by the clerk of the trial court and the objection promptly heard and determined, whereupon the transcript shall be signed and certified."

In the instant case the record shows: (1) That the reporter's transcript was not "designated," nor was any part thereof; (2) that said reporter's transcript was not lodged with the clerk of the trial court within 60 days from the date of the judgment, or within any enlargement thereof by either the trial court or by this Court, or at all; (3) that no enlargement of time was procured from either the trial court nor this Court within 60 days from the date of judgment; (4) that the reporter's transcript not having been lodged with the clerk of the trial court, said clerk was unable to give the required "written notice thereof to opposing parties," and that, in turn, they were deprived of the opportunity "to file written objections" thereto in that court, whose duty it is under the rule to hear and determine any such

objection so filed; (5) that rule 112 (f), R.C.P. Colo., was ignored in its entirety.

██ Under rule 6 (b) (1), R.C.P. Colo., enlargements of time are so readily obtainable where application is made therefor within apt time that there is rarely an occasion where failure to do so would appear to be excusable. Compliance with the rules in the preparation, certification and lodging of the reporter's transcript is imperative if it is desired to make it a part of the record on error. Transcripts, like briefs, may not be filed whenever or wherever counsel may find it convenient. *Fraka v. Malernee,* 129 Colo. 87, 267 P. (2d) 651, 653. It is the right of litigants to rely upon the rules as written, and it is the duty of courts to enforce them where timely objection is made. *Continental Air Lines v. Denver, supra.*

The motion is granted and the reporter's transcript is ordered stricken from the record on error.