No. 17,728.

GEORGE P. BONHAM, ET AL. *v.* CITY OF AURORA.
(294 P. [2d] 267)

Decided February 27, 1956.   Rehearing denied March 19, 1956.

Mr. C. J. BERARDINI, for plaintiffs in error.

Mr. LESLIE A. GIFFORD, Mr. MAX D. MELVILLE, Mr. FRED M. WINNER, Mr. EDWARD E. PRINGLE, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

IN the trial court plaintiffs in error were plaintiffs and defendant in error was defendant. We will refer to the parties as they there appeared.

Plaintiffs, claiming that they were "aggrieved persons" with in the meaning of C.R.S. '53, 139-11-6, instituted this action to declare void an ordinance passed by the Council of Aurora, Colorado, annexing certain territory of Hoffman Town to the City of Aurora, pursuant to C.R.S. '53, 139-11-3. In a second claim they sought an order calling an election to have the annexation submitted to the voters in Hoffman Town, under a counter-petition filed with the council pursuant to C.R.S. '53, 139-11-4.

Defendant filed an answer putting in issue the allegations of plaintiffs' complaint.

Plaintiffs' challenge to the annexation petition was that it was deficient because not signed by the owners of fifty per cent of the area of such annexable territory; that the signers thereof did not comprise a majority of the landowners residing in the annexable territory at the time the petition was filed, as provided by C.R.S. '53, 139-11-3. It was also alleged that the Council of the City of Aurora in accepting the annexation petition and rejecting the counter-petition demanding an election, acted in an arbitrary, capricious and unreasonable manner, abused its discretion and exceeded its powers.

Trial to the court on April 25, 1955, resulted in findings and decree in favor of defendant, and dismissal of

plaintiffs' complaint. At the time judgment was entered no time was specified for the tendering of a reporter's transcript. The record before us discloses that the reporter's transcript was tendered and approved by the trial court on August 23, 1955. Our rule provides: "The party seeking reversal shall, within sixty days from the date of the judgment sought to be reviewed, lodge with the clerk of the trial court the reporter's transcript containing such parts of the proceeding and evidence as may have been designated. R.C.P. Colo. 112 (f).

■ There having been no time designated for the lodging of the reporter's transcript in this case, the time was fixed by the rule and no extension of time for lodging the transcript having been allowed, the transcript cannot be considered.

■ The designation of the record on error filed in the trial court did not specify the judgment in the cause as one of the matters to be certified by the clerk. The judgment does, however, appear in the record which we have carefully examined. It orders that the plaintiffs' complaint be dismissed. Ample findings of fact and conclusions of law were entered by the trial court, all of which were of necessity based on evidence given or tendered in support of plaintiffs' complaint.

There being no reporter's transcript properly before us for consideration, the regularity of the judgment of dismissal and support of the findings of fact by the evidence must be presumed.

The judgment of the trial court is affirmed.