Martha J. HAMPTON, Plaintiff in Error,

v.

Edwin E. DANKS, Defendant in Error.

No. 40220.

Supreme Court of Oklahoma.

Dec. 10, 1963.

Dennis J. Downing, Tulsa, for plaintiff in error.

Rucker, Tabor, Shepherd & Palmer, O. H. "Pat" O'Neal, Tulsa, for defendant in error.

## PER CURIAM.

Parties occupy the same relative position in this Court as they did in the trial court.

On July 16, 1960, plaintiff was a passenger sitting next to the driver (Mrs. E.), when an accident occurred with defendant, involving Mrs. E's car and the car of defendant. Defendant was driving on 35th Street in Tulsa and turned left into a private driveway; then backed his car out onto 35th Street where Mrs. E's car and that of defendant collided. Plaintiff brought this action against defendant alleging that the negligence of defendant was the proximate cause of personal injuries sustained by her in the accident. The case was tried to a jury which found for plaintiff and against defendant in the amount of $405.00. The trial court overruled plain-

tiff's motion for a new trial, from which order plaintiff appealed.

Plaintiff presents the assignments of error under three propositions which, for consideration herein, may be stated in the following manner:

1. The trial court committed reversible error by giving an instruction on contributory negligence when there was no evidence tending to show negligence on the part of plaintiff.

2. The trial court also erred in refusing to grant a new trial when the verdict was inadequate in the light of proved damages.

3. It was reversible error for the trial court to refuse to direct a verdict for plaintiff.

As concerns the first contention, we interpret plaintiff's theory to be that as a general rule instructions on general liability, even though erroneous, are not subject to review on appeal by plaintiff when verdict is favorable to plaintiff, but as to the measure of liability, instructions are erroneous if they tend to confuse the issues in the minds of the jury.

Plaintiff cites and relies upon Pahlka v. Chicago, R. I. & P. Ry. Co., 62 Okl. 223, 161 P. 544, in which we held:

"Where a verdict of a jury is favorable to plaintiff upon the question of general liability of defendant to plaintiff, as distinguished from the measure of the liability, error in instructions upon the question of general liability, not affecting the measure thereof, may not be presented by such plaintiff on appeal, except in so far as such erroneous instructions may have tended to confuse the issues in the minds of the jury. Erroneous instructions examined, and HELD to have had such confusing result."

In the cited case a jury found for the plaintiff and assessed damages of $1.00 against defendant. The court pointed out there was no evidential basis for this verdict when liability was placed upon the defendant, thus the jury must have been confused over the instructions. The instructions in that case appeared to our Court to be confusing on the measure of liability, and there was no other explanation for the verdict.

In the case before us the plaintiff is urging that a general instruction on contributory negligence is reversible error even though the plaintiff was awarded a verdict in his favor. We can only conclude that in this instance the complained-of instruction went to the general liability of the parties, and plaintiff has shown nothing to indicate this instruction confused the jury in so far as concerns the measure of liability.

To us the distinguishable difference lies in whether or not the instruction on general liability tends to confuse the jury as to the amount of damages. Without deciding whether the instruction on contributory negligence was properly given, we conclude that the holding by the jury for plaintiff renders this proposition beyond review by this Court.

Plaintiff's second proposition complains of the inadequacy of the verdict. The evidence relative to the cause, nature and extent of injury appears from the testimony hereinafter noted.

Plaintiff's testimony shows that in the accident she was "bounced around a little in the car"; that her body came in contact with the car and she "noticed her arm hurt". Plaintiff then went over to "John's" house to eat, and over the weekend she "was hurting" and had "a red place on her arm and that it hurt". Plaintiff went to work the following Monday but her arm became worse, in that the pain increased and "it was swelling"; that she then went to Dr. G. and "it was x-rayed", and Dr. G. gave her a "prescription for pain" that she believed was "demoral"; she remained off work and at home for two weeks because she "was too sick to work". Plaintiff was earning $75.00 per week as a typing and file clerk for an insurance company.

Plaintiff's evidence further shows that the pain, about 6 inches above her elbow was "quite severe", and still existed at time of trial; plaintiff had been a patient of Dr. N. prior to the accident and "he was giving" her "estrogen shots"; that it pained her at work at the office, as well as around her house; plaintiff received prescriptions for the pain in her arm, along with other prescriptions from Dr. N.; she had been in surgery for "cervical lamenectomy" as a result of a fall; she was also having "trouble" with her right shoulder due to "bursitis" and still has difficulty carrying "anything with that arm"; it has responded some to treatment, which included her "heating pad" but that "it is getting a little better, and it gets worse again".

Plaintiff's testimony, on cross-examination, tends to show she had been having pain in both her arms for which she had been taking shots prior to the accident; that the only evidence of injury by "outside marks on her arm" was "just a little red place".

Dr. N's testimony shows that in July of 1960, he treated plaintiff for "hematoma" in the "upper part of her right arm"; that by an x-ray picture taken immediately after the accident (July, 1960) compared to an x-ray picture taken prior to trial (February, 1962), a "bone change" was shown in that there was a "swelling of the bone". Dr. N's opinion was that "this represents a bone formation which is the end result of hematoma; the hematome eventually produces this, simply by this prolonged presence in the arm".

Dr. N. further testified that the "bone change" could be caused by "bursitis caused by an injury" or by an "ossified hematoma caused by an injury, it is very well possible that it is both". The doctor testified his charges for services to plaintiff from July, 1960, to date of trial were $335.00.

On cross-examination Dr. N's testimony tends to show plaintiff had bursitis prior to the accident; that plaintiff's visits to him (which constituted her account in the amount of $335.00) were not all due to her injury caused by the accident. He testified "at least 85% I estimate" was occasioned "due to pain in her right arm"; that the bone change could be caused by "a tumor" or "cysts".

Plaintiff's evidence shows drug and medication bills in the amount of $220.21. The record is not clear as to which drugs or medications would be used due to the injury of the arm. Her testimony also shows that she had been a patient of Dr. N. for many years prior to July, 1960, and also up to trial date; that the professional services rendered were for the injury to "upper part of her arm" as well as other complaints, so that only approximation could be made as to the services required directly resulting from the accident. As to the drug bills, the record tends also to reflect an approximation.

In Battles v. Janzen, Okl., 325 P.2d 444, we held:

"In a personal injury action where the uncontradicted proof as to the doctor bill was an approximation rather than an exact amount, and the verdict of the jury is general, said verdict and judgment rendered thereon is not contrary to 12 O.S.1951 § 651 as amended in 1953, and an order denying the plaintiff a new trial will be sustained."

And in States Exploration Co. v. Reynolds, 344 P.2d 275, the court stated:

"7, 8. The conclusion of the jury on the amount of damages is well within the amount sustained by the evidence upon an application of a proper measure of damages which was incorporated as a part of the instructions given by the court. Thus no reversible error can be predicated on the instructions or the amount recovered. 12 O.S. 1951 § 78; Bunch v. Perkins, 198 Okl. 517, 180 P.2d 664, and Squyres v. Klick, Okl., 264 P.2d 325."

The third proposition asserts that the trial court's refusal to grant plaintiff's motion for directed verdict constituted reversible error. It is plaintiff's position that the

evidence was neither disputed, unreasonable nor contrary to the facts and circumstances, so that it was the trial court's duty to direct a verdict in her favor. The proposition, and the supporting argument, present nothing other than argument concerning the weight of the evidence.

 It is recognized that the same rules obtain in considering a motion for directed verdict as are involved in ruling upon a demurrer to the evidence. Myers v. Chamness, 114 Okl. 220, 245 P. 879. In Bryan v. Hough (Okl.), 365 P.2d 124, Syllabus 1 states the rule thus:

"In passing upon a demurrer to the evidence or a motion for a directed verdict, the trial court should consider as true all the evidence favorable to the party against whom the demurrer or motion is directed, together with all inferences reasonably to be drawn therefrom, and should disregard all conflicting evidence favorable to the demurrant or movant."

In 5A C.J.S. Appeal and Error § 1650, is expressed the general rule to the effect that a finding of the value or amount of damage is so exclusively within the province of the jury that a verdict will not be interfered with by the reviewing court, where the issue has been fairly submitted under proper instructions. This rule has been applied so frequently by our Court as not to require citation of supporting authority.

The amount of the verdict returned by the jury was within the permissible limits reflected by the evidence. The testimony of the doctor, and the evidence bearing upon other medical expenses was indefinite, or established by approximation. The testimony bearing upon the amount of plaintiff's damages failed to meet the stature of definiteness and exactness which is required to overturn the verdict of the jury.

Judgment affirmed.

BLACKBIRD, C. J., and WELCH, DAVISON, JOHNSON, WILLIAMS, JACKSON and IRWIN, JJ., concur.

The Court acknowledges the aid of the Supernumerary Judge, N. S. CORN, in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.