No. 20,885.

BUSINESS AND PRODUCT PROMOTION, INC., *v.*
EAST TINCUP, INC.
(389 P. [2d] 851)

Decided March 2, 1964.

Messrs. KELLY & KELLY, for plaintiff in error.

Mr. FRED M. WINNER, Mr. WARREN O. MARTIN, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

DEFENDANT in error, to whom we will refer as plaintiff, filed its motion to strike the reporter's transcript from the record and to dismiss the writ of error in this cause.

The ground asserted in support of the motion to strike is that the reporter's transcript was not lodged with the clerk of the trial court within 60 days from the date of judgment as required by Rule 112 (f), R.C.P. Colo., but was lodged more than 150 days after the date of judgment. It is disclosed by the record that no extension of time was granted by the trial court within which the reporter's transcript could be filed.

The ground asserted in support of the motion to dismiss the writ of error is that the only assignments of error upon which plaintiff in error relies for a reversal of the judgment relate to the question of the sufficiency of the evidence to sustain the judgment, and in the absence of a reporter's transcript presented in conformity with the Rules of Civil Procedure there is nothing for the court to consider.

It is urged in opposition to the motion to strike that plaintiff waived the objection to the late filing of the reporter's transcript in that it did not make objection on that ground in the trial court within fourteen days following the date upon which the transcript was lodged with the clerk of the trial court. Counsel for plaintiff in error state their position in this language:

" * * * The failure to object to the transcript within the 14-day period allowed in Rule 112 (f) constitutes a waiver of its provisions. The rule itself says:

" 'The clerk shall immediately give written notice thereof to opposing parties, who shall have 14 days thereafter in which to file written objections to such transcript. If none is filed, such transcript *shall be signed and certified by the judge and become a part of the record in the supreme court.*" (Emphasis supplied.)

No attempt was made by counsel who represented plaintiff in error at the trial to justify the late

filing by a showing of excusable neglect as provided for by Rule 6 (b) R.C.P. Colo.

On numerous occasions this court has stricken a reporter's transcript from the record on error when it was made to appear that the transcript was not tendered in compliance with pertinent rules of procedure, and in such cases where the only points urged for reversal of the judgment would require a consideration of matters shown by the reporter's transcript, the writ of error will be dismissed. *Continental Air Lines, Inc., v. City and County of Denver,* 129 Colo. 1, 266 P. (2d) 400; *Hildenbrandt v. Hall, et al.,* 129 Colo. 16, 260 P. (2d) 708; *Smith v. Woodall, et al.,* 129 Colo. 435, 270 P. (2d) 746; *Meagher v. Neal,* 130 Colo. 7, 272 P. (2d) 992; *Bonham v. City of Aurora,* 133 Colo. 276, 294 P. (2d) 267; *Freeman v. Cross, et al.,* 134 Colo. 437, 305 P. (2d) 759; *Rechnitz v. Rechnitz,* 135 Colo. 165, 309 P. (2d) 200.

■ The opinions in the above cited cases have not dealt specifically with the point now urged, namely, that a defendant in error will waive the requirement of a timely lodging of the reporter's transcript unless he files an objection in the trial court on that ground within fourteen days after notice that the transcript has been lodged with the clerk of the court. However, in a number of the cases above cited the facts were identical with those involved in the instant case, except for a variation in the lapse of time within which the reporter's transcript was actually lodged. In *Bonham v. City of Aurora,* supra, this court refused to consider the transcript because it was not filed in apt time even though no motion was filed to strike it.

The argument that plaintiff waived the right to object to the long delay in lodging the reporter's transcript is without merit. The reporter's transcript is accordingly stricken and the writ of error dismissed.