No. 20896.

MAE STUCKMAN *v.* JUNE KASAL, DOING BUSINESS AS GAMBLE STORES.

(405 P.2d 948)

Decided September 27, 1965.

DILTS and HANCOCK, for plaintiff in error.

MARVIN PING, JAMES R. AIKEN, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

WE will refer to plaintiff in error as the plaintiff, in which capacity she appeared in the trial court, and to the defendant in error as defendant.

A suit for damages for negligence was instituted in the Montezuma County District Court, wherein plaintiff complained that she sustained injuries while shopping in defendant's store. The jury found that the defendant

was liable and returned a verdict in favor of plaintiff, computing her damages in the amount of $3500. Judgment on this verdict, plus interest and costs, was entered by the court, to which the plaintiff prosecutes this writ of error. She maintains that the $3500.00 verdict was less than should have been awarded her.

In her summary of argument plaintiff contends that the court erred in giving instruction numbered nine among the thirteen instructions given to the jury. This instruction dealt entirely with the duty owed by a business proprietor to his patron. There is no complaint that the instruction on damages and the elements that go to make up those things which a jury may consider in arriving at an award of damages was in any way faulty.

It is contended by plaintiff that the alleged inaccuracy in the instruction on liability prejudiced the jury; that such prejudice was evidenced by the meagerness of the amount returned, and that for that reason she should have a new trial. A transcript of the evidence presented at the trial has been filed with this court but is not properly before us inasmuch as it has not been certified by the trial court, which ruled it was submitted too late, in violation of Rule 112 (f), R.C.P. Colo. In addition, no extension of time was requested or allowed, pursuant to Rule 6 (b), R.C.P. Colo. Without the record properly before us, we are not in position to know the nature or extent of plaintiff's injuries or whether there was a wide disparity between the amount awarded and the damages shown.

We conclude that the judgment must be affirmed. It is a well-recognized principle that a party in whose favor a verdict is found may not complain of error in an instruction when such error bears merely on the question of liability or right to recover, and does not affect the amount of recovery or damages on which adequate instructions are given. 5 (A) C.J.S. *Appeal and Error* § 1773. Aside from the fact as to whether the instruction in question correctly stated the law relative to

the matter with which it purported to deal, the jury, nevertheless, did find liability on the part of the defendant and accordingly rendered its verdict in favor of the plaintiff. Under the trial court's charge, the jury determined that defendant had violated the duty she owed to the plaintiff. Such being the case, we find it unnecessary to pass upon the merits of the instruction itself. As was aptly stated by the court in *L. P. Gunson & Co. v. Garrett*, 53 Ga. App. 717, 186 S. E. 849,

"* * * The verdict being in favor of the plaintiff, * * * errors, if any, concerning the defendant's liability, which could not have affected the amount recovered, are to be treated as harmless * * *. As the jury found in favor of the plaintiff, it is immaterial whether this instruction was correct or not. * * *"

A situation can be envisioned where instructions tendered on issues found in favor of the plaintiff may be so faulty as to impair a jury's capacity to determine the just amount of compensation. Oklahoma recognized this possibility in *Hampton v. Danks* (Okla.) 387 P.2d 609, and quoting from one of its previous rulings the court stated:

"Where a verdict of a jury is favorable to plaintiff upon the question of general liability of defendant to plaintiff, as distinguished from the measure of the liability, error in instructions upon the question of general liability, not affecting the measure thereof, may not be presented by such plaintiff on appeal, *except in so far as such erroneous instructions may have tended to confuse the issue in the minds of the jury.* * * *" (Emphasis supplied.)

Suffice it is to say that the alleged error in the instruction under attack here is not of such a character as to have had the effect of confusing the issues of liability in the minds of the jury. While not a model of draftsmanship, it did sufficiently set out the duty owed to this plaintiff, and the jury did find that the defendant owed her such protection from harm.

■ Where a transcript of the evidence not filed pursuant to the rule, *supra,* cannot be considered because of the trial judge's justifiable refusal to certify it, the regularity of the judgment and support of it in evidence must be presumed. *Bonham v. Aurora,* 133 Colo. 276, 294 P.2d 267.

The judgment is affirmed.

Mr. Justice Frantz and Mr. Justice Schauer concur.