472 P.2d 694 (1970)
Trine H. HENRY, also known as Trine Latta Henry, and C. L. Henry, Plaintiffs in Error,
v.
John H. LATTA, Defendant in Error.
No. 70-288. (Supreme Court No. 23768.)
Colorado Court of Appeals, Div. II.
June 23, 1970.
*695 Schmidt & Schmidt, Springfield, for plaintiffs in error.
Harlan Johnson, Lamar, for defendant in error.
Not Selected for Official Publication.
COYTE, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
The parties shall be referred to as they appeared at trial wherein John Latta was plaintiff, and Trine Henry and her husband, C. L. Henry, were defendants.
Trial below was to the court which found generally in plaintiff's favor. In its findings the trial court held that a 1926 deed, which purported to transfer plaintiff's remainder interest in a certain parcel of land to his mother, was void for lack of delivery and acceptance. Also, the court found that plaintiff was entitled to an accounting from defendants for their management of certain lands in which John Latta and Trine Henry had equal interests. Alleging error in the trial court's findings, defendants appeal.
However, subsequent to the trial court's entry of judgment, defendants filed the reporter's transcript in excess of the 60 days permitted by R.C.P.Colo. 112(f), resulting in its being stricken by the Supreme Court upon motion by plaintiff.
The rule is well settled that without a transcript the regularity of the judgment must be presumed. Stuckman v. Kasal, 158 Colo. 232, 405 P.2d 948. This court is restricted in its review to those allegations of error not requiring an inspection of the transcript. Business and Product Promotion, Inc. v. East Tincup, Inc., 154 Colo. 268, 389 P.2d 851. Our deliberations therefore are guided by the presumption that the evidence fully supports the findings of fact made by the trial court and only if the court erroneously applied the law to the findings may we disturb the judgment below.
With such a rule as a guiding principle, we find none of the allegations of error raised by defendants as meriting reversal of the judgment below.
Defendants have argued that the trial court erred in declaring void the deed made in 1926 by plaintiff. However, the recognized rule of law is that both delivery and acceptance of a deed are necessary in order to signify a transfer of interest. Larison v. Taylor, 83 Colo. 430, 266 P. 217; Rittmaster v. Brisbane, 19 Colo. 371, 35 P. 736. Whether or not delivery has taken place is a question of fact or mixed law and fact to be determined by the trial *696 court in its function as trier of the fact. Doss v. Doss, 77 Colo. 262, 236 P. 129.
The same is true with defendant's next assertion that plaintiff's claim for an accounting should have been directed against his mother as life tenant of the property, not against defendants who only managed the property. Without the transcript we must presume the defendants were the proper parties in this case from which to seek an accounting.
It also should be noted that defendants failed to raise this issue on their motion for new trial and, consequently, as R.C.P.Colo. 59(f) makes clear, cannot be considered on appeal.
Finally, defendants have argued that as plaintiff filed suit in 1958 for an accounting, the six-year statute of limitations bars recovery for the years prior to 1952 and therefore the trial court erred in allowing recovery for the period 1946 to 1952. Again, without the transcript before us, we cannot say that, as a matter of law, the statute of limitations is applicable to this particular case as we have no way of knowing when the statute may have commenced to run.
Judgment affirmed.
DUFFORD and PIERCE, JJ., concur.