500 P.2d 983 (1972)
DENVER URBAN RENEWAL AUTHORITY, a body corporate and politic of the State of Colorado, Petitioner-Appellant,
v.
STEINER AMERICAN CORPORATION, a Nevada corporation doing business in the State of Colorado, and Charles L. Temple, Treasurer of the City and County of Denver, Respondents-Appellees.
No. 71-092.
Colorado Court of Appeals, Div. I.
June 27, 1972.
Rehearing Denied August 1, 1972.
*984 John H. Williamson, Denver, for petitioner-appellant.
Wood, Ris & Hames, William K. Ris, Denver, for respondent-appellee Steiner American Corp.
Selected for Official Publication.
DWYER, Judge.
This action in condemnation was brought under the general eminent domain statute, C.R.S.1963, 50-1-1, et seq., by the petitioner-appellant, Denver Urban Renewal Authority, (DURA), pursuant to authority vested in it by the Urban Renewal Law, C.R.S.1963, 139-62-1, et seq. The judgment entered in the proceedings authorized condemnation of property belonging to respondent-appellee, Steiner American Corporation, (Steiner). DURA prosecutes this appeal from the judgment fixing the amount of compensation due Steiner.
An analysis of the pleadings and stipulations of the parties and of the proceedings in the court below is necessary for a proper delineation of the issues presented on appeal.
On March 3, 1969, DURA filed its petition in condemnation to acquire the property involved in this case. The description of the property is contained in paragraph 5 of the petition:
"Lots, 9, 10, 11, 12, 13, 14, 19, 20, 21, 22, and 23, Block 101, EAST DENVER. . . EXCEPT [certain portions of some of the listed lots] and
"Certain fixtures attached to the structures located thereon as are more fully described in Exhibit A attached hereto and incorporated herein by reference." (Italics ours)
On March 3, 1969, Steiner filed its answer to the petition in which it alleged, inter alia, that:
"2. The Respondent, Steiner American Corporation, is now and has for many years been engaged in business at the property involved in this action under the name of American Linen Supply Company, which business consists [in the cleaning and supply of laundry to various businesses]. In conjunction therewith, this Respondent operates upon the property involved in this action and described in paragraph 5(a) of the Petition in Condemnation, a large plant for the washing, ironing, pressing, processing and storage of such items. Within and in conjunction with the operation of said plant, this Respondent owns substantial numbers of machines, equipment and fixtures. The Petitioner has determined that of such fixtures and other personal property, only a portion thereof are needed and hence are to be taken by the Respondent, the same being described in paragraph 5(b) of the said Petition in Condemnation herein.
"3. Respondent will suffer damages to the residue of the fixtures and personal property owned by this Respondent and located in its plant upon the property sought to be taken by Petitioner herein, the damages sustained or to be sustained by this Respondent being equal to the lessor (sic) of:
"a. The cost of disassembly, removal to a new location and re-assembly of such fixtures, equipment and other personal property in the estimated sum of $55,000.00; or
"b. The actual market value of such other equipment, fixtures and other personal property."
*985 On March 3, 1969, the parties filed a stipulation which provided:
"1. That the allegations contained in the Petition in Condemnation herein are true.
"2. That with respect to the properties described in paragraph 5 of the Petition in Condemnation, the Petitioner and the Respondents waive the right to trial by either Commission or jury and stipulate that the Court may enter a judgment forthwith with respect to such property as follows:
"a. The description of the land and fixtures taken are as set forth in paragraph 5 of the Petition in Condemnation, including Exhibit A attached to said Petition.
"b. The fair market value of the property taken is $400,000.00.
"c. The compensation to be paid by the Petitioner to the Respondents for the property taken is $400,000.00.
"d. The Court shall find that there is no benefit to the fixtures, equipment, and other personal property of the Respondent, Steiner American Corporation, not actually taken by the Petitioner.
"e. The Petitioner shall have judgment condemning the fee simple absolute title to the property described in paragraph 5 of said Petition in Condemnation, upon the payment of $400,000.00 into the registry of the Court for the benefit of the Respondents.
. . . . . .
"3. The Petitioner disputes the entitlement of the Respondent, Steiner American Corporation, to any relocation payments or damages of any nature for any personalty not taken. The parties agree to submit this issue of law to the Court for determination in a summary manner. Should the aforesaid issue of law be determined in favor of the Petitioner, the rights of the Respondent, Steiner American Corporation, to file for claims for an amount up to $25,000.00 pursuant to Title 24, sub part B of the Code of Federal Regulations (30 F.R. 15145-49) shall not be prejudiced. Should the aforesaid issue of law be determined in favor of the Respondent, Steiner American Corporation, the issue of the amount of damages shall be determined by a Board of Commissioners appointed and acting in accordance with Chapter 50, Article I, Colorado Revised Statutes (1963) as amended. Any award made to the Respondent, Steiner American Corporation, by the Board of Commissioners shall be deemed fulfillment of any obligation of the Petitioner to the Respondent, Steiner American Corporation, under Title 24, sub part B, Code of Federal Regulations (30 F.R. 15145-49)."
The parties, proceeding as contemplated in the stipulation, filed motions for summary judgment. The issue of law reserved in the stipulation for determination by the court was resolved in Steiner's favor. The court then, pursuant to the stipulation, appointed a Board of Commissioners to determine the issue of damages. The Board heard the evidence on this issue and awarded Steiner $48,113 damages. Judgment was entered on the Board's award, and DURA has appealed.
A transcript of the proceedings before the Board of Commissioners is not contained in the record on appeal. In lieu of such transcript, the parties have stipulated as follows:
"1. At the trial of this case to the Board of Commissioners, held on October 20, 1970, the Respondent, Steiner American Corporation, presented evidence showing that the said Respondent had incurred, in the process of relocating from the Respondent's former plant to its new plant, a loss of personal property valued at $1,865.00, the same being Respondent's Exhibit 21.
"2. Under the instructions given by the Court, the $48,113.74 award made by the Board of Commissioners to the Respondent, Steiner American Corporation, upon which judgment was entered by the Court, was supported by competent evidence.

*986 "3. The Respondent, Steiner American Corporation, sustained costs and expenses in excess of $25,000.00 by reason of its relocation and moving from the premises taken by the Petitioner, Denver Urban Renewal Authority.
"4. This Stipulation is to be used in lieu of the Reporter's Transcript of the testimony given at trial of this case held before a Board of Commissioners on October 20, 1970, and any party may refer to and rely upon the provisions of this Stipulation to establish facts for purposes of appeal, insofar as the said facts are stated herein."
The issue of law presented to the trial court and to this court on appeal is whether respondent is entitled to compensation for damage to that portion of its property located in the condemned building but not contained in the description (paragraph 5 of the petition) of the property taken. DURA contends that such property has not been taken in the condemnation proceedings and that it is not liable for "any relocation payments or damages of any nature" for such property. The trial court ruled that Article II, Section 15, of the Colorado Constitution, which provides that "private property shall not be taken or damaged, for public or private use, without just compensation," required DURA to pay compensation to Steiner for the property located in the building but not included in the property described in paragraph 5 of the petition. The trial court's resolution of the issue, as it was presented and defined by the stipulation of the parties, is correct. The judgment of the trial court is accordingly affrimed.
Steiner was entitled to the market value of the property taken, and this value includes the land, the building located thereon, and the fixtures annexed to the realty. The fixtures included machinery and equipment which had been permanently installed with the intention that the items would permanently become a part of the building. Ferganchick v. Johnson, 28 Colo. App. 448, 473 P.2d 990. Our Supreme Court has recognized the rule that fixtures are a part of the realty for which compensation must be paid to the owner by the condemning authority. Piz v. Housing Authority, 132 Colo. 457, 289 P.2d 905. See also In re Widening of Gratiot Ave., City of Detroit, 294 Mich. 569, 293 N.W. 755; Jackson v. State, 213 N.Y. 34, 106 N.E. 758.
In its answer, Steiner alleged that the property taken by DURA and described in paragraph 5 of the petition was only a small portion of all the fixtures, equipment, and other personal property located upon the premises and used by Steiner in its plant. Steiner supported this factual allegation by an affidavit filed with its motion for summary judgment. The identity of the specific items of property not taken by DURA is not reflected in the record, and the affidavit stands uncontroverted. DURA elected not to include the transcript of the hearing before the Commissioners. In the absence of such transcript, every presumption must be drawn in favor of the validity of the judgment. Stuckman v. Kasal, 158 Colo. 232, 405 P.2d 948; Meagher v. Neal, 130 Colo. 7, 272 P.2d 992; and Oman v. Morris, 28 Colo.App. 124, 471 P.2d 430. It must be presumed that the items for which Steiner was awarded compensation were fixtures and equipment used in the condemned plant and that for purposes of eminent domain such fixtures and equipment had become a part of the building.
On this appeal, DURA argues that the judgment awarding compensation to Steiner should be reversed for several reasons.
First, DURA asserts that a property owner in an eminent domain action is not entitled to compensation for expenses incurred in moving and relocating personal property from the condemned premises to a new location. In support of this proposition, DURA cites a number of cases so holding. This may be a correct statement of abstract law, but it is not applicable here. The argument is premised on DURA's factual assertion that the property which it did not take in the condemnation proceedings consisted only of chattels. The *987 record does not support this proposition. Steiner alleged in its answer that machinery and equipment not taken were fixtures. DURA chose not to litigate this issue but stipulated to the payment of $400,000 for the land, building, and "certain fixtures" more fully described in Exhibit A. The compensable nature of the property not taken and the compensation, if any, due Steiner was left for determination by the court and the Board of Commissioners.
Second, DURA contends that if compensation for moving and relocating expenses is applicable in an eminent domain action these expenses are an element to be considered in determining the fair market value of the condemned property and are not compensable separately. If the issues tendered by the pleadings had been litigated, a single total award would have been determined by the Board of Commissioners in accordance with the applicable statute. However, as previously stated, DURA elected to enter into a stipulation which reserved for determination by the court and the Commissioners the compensable nature of the property not described in paragraph 5(a) of the petition. DURA cannot now complain that the award of compensation was made in proceedings conducted consistent with that stipulation.
Finally, DURA contends that Congress has divested the district court of jurisdiction to review, redetermine, or consider Steiner's claim for compensation for relocation and moving expenses and, alternatively, that the district court erred in refusing to apply to this case the limitations on relocation compensation contained in regulations promulgated by the Secretary of Housing and Urban Development. This argument is without merit. The present federal housing act and regulations thereunder authorize payment of relocation expenses, but limit such payments to a maximum of $25,000 per business. 42 U.S.C. § 1465 and 24 C.F.R. § 500.109. However, the present action is not one to recover relocation payments authorized by federal statute or regulations thereunder. This is a condemnation action under the statutes and Constitution of the State of Colorado. Steiner's right to compensation and the extent thereof must be determined by the applicable law of the State of Colorado. Its right to recovery is not dependent upon nor limited by federal statutes.
Judgment affirmed.
SILVERSTEIN, C. J., and ENOCH, J., concur.