585 P.2d 288 (1978)
CITY OF AURORA, Colorado, a Municipal Corporation, Petitioner-Appellant,
v.
Hobert H. WEBB and Margaret E. Webb, Respondents-Appellees, and also,
Ray A. and Shirley B. Butler, Clarissa V. Seggerman, Executor of the Estate of Carl R. Smith, Deceased, Keith P. Holz and Vivian A. Holz, Executor of the Estate of Sam Miller, Deceased, Martha Johnson, Clifford A. Soderberg, Jr., Peter Tibaldo, and Philip A. Rouse; Fred Horton, N. R. Reese, Helen G. Baughman, Executor of the Estate of John W. Baughman, Deceased, Hobert W. Delaney, Jr., Marie Catherine Garbarino and Gerald Joseph Garbarino, Paul Wolf, Treasurer of the County of Arapahoe, and all other unknown persons who may have an interest in this action, Respondents.
No. 77-310.
Colorado Court of Appeals, Division II.
April 27, 1978.
As Modified On Denial of Rehearing August 3, 1978.
Certiorari Denied October 10, 1978.
*289 Leland M. Coulter, Richard Kaufman, W. R. Sprague, Michael Brauer, Aurora, for petitioner-appellant.
Benedetti, Opperman, Martinez & Kokish, P. C., Marlin D. Opperman, Denver, for respondents-appellees.
SMITH, Judge.
In this condemnation proceeding, petitioner, City of Aurora, acquired property belonging to respondents, Hobert H. and Margaret E. Webb. Aurora appeals from the award entered in favor of the Webbs by a commission of freeholders, acting pursuant to §§ 38-1-101 and 38-1-105, C.R.S. 1973. We reverse and remand for a new commission hearing.
*290 Prior to the hearing before the commission, Aurora became aware that the Webbs would attempt to show that, on the valuation date, there had existed a reasonable probability that the subject property would be rezoned from R-O (a residential classification) to AOD (administrative office district, a commercial classification). Concerned that the Webbs would introduce evidence, under the "comparable sales" method of valuation, of sales of AOD property, Aurora moved for an in limine hearing so that the trial court could determine the threshold evidentiary question of whether a probability of rezoning existed on the date of the taking. This motion was denied, and such determination was left for the commission.
The commission determined at the hearing that such a probability of rezoning did exist on the date of the taking of the property, and it permitted the Webbs to introduce evidence of the sales of "comparable" AOD property. Aurora, in response, offered evidence of costs which ostensibly would have to be put incurred by the Webbs in order for the subject property to be put on a par with the AOD "comparables"that is, evidence as to the cost of bringing city services, such as water, sewers, and paved roads to the subject property.
The commission refused this evidence, and filed a certificate of ascertainment and assessment, valuing the Webb's property at $22,350. Aurora's motion for a new trial was denied, and this appeal was perfected.
Aurora's central argument is that if evidence showing an increased value due to a likely zoning change is proper on the grounds that it would tend to influence the price a prospective buyer would pay, evidence as to the costs of taking advantage of such a zoning change is also proper for the same limited purpose. We agree with this contention.

The Transcript
Initially, the Webbs argue that we must summarily affirm because Aurora did not designate as part of the record all of the evidence introduced by the Webbs relative to "similar sales." It is urged that these portions of the record are necessary for our determination.
We disagree. The intent of those sections of the Colorado Appellate Rules which deal with the preparation of transcripts is to insure that the appellate court will be given sufficient information to arrive at a just and reasoned decision. See C.A.R. 10(b); Almarez v. Carpenter, 173 Colo. 284, 477 P.2d 792 (1970). There is no requirement that the record be all inclusivethat every folio with any conceivable relationship to an issue raised on appeal must be designated. Rather, C.A.R. 10(b) gives the appellant the discretionin the interest of economyto determine what is necessary. See Almarez, supra. The appellant himself may, if it appears he has not included enough, supplement the record, or an appellee who feels that the designated record is lacking in some essential respect, may "file and serve on the appellant a designation of additional parts of the record to be included." C.A.R. 10(b). Even the appellate court may, on its own initiative, direct that the record be supplemented. C.A.R. 10(b). We can hardly infer from the mechanics of C.A.R. 10 the proposition that an appellant who does not correctly anticipate the appellee's and the court's conceptions of what should be included in a record should forfeit his case. Furthermore, those cases cited by the appellees for this proposition are inapposite. They share the common element of a virtually empty record; in each of them, an appellant-induced irregularity left the reviewing courts with no transcript at all. See, e. g., Bonham v. City of Aurora, 133 Colo. 276, 294 P.2d 267 (1956); Oman v. Morris, 28 Colo.App. 124, 471 P.2d 430 (1970).
Here, we have read the transcript and find it sufficient to enable us to resolve *291 the issues presented. The propriety of using, in rebuttal, evidence relative to the effect of the cost of bringing comparable city services to the subject property may be determined without a complete recital of the testimony, relied upon by the Webbs, concerning "comparable sales" of AOD zoned property.

In Limine Hearing
Aurora claims that it had the right to an in limine hearing concerning the admissibility of the probability-of-rezoning evidence. We disagree.
Under the statute which controls the proceedings of the commission, § 38-1-105, C.R.S. 1973, the commission may seek the aid of the trial court in resolving "the propriety of the proofs or objections of the parties." However, in the absence of the commission's requesting such aid, the statute makes it clear that the commission will make all evidentiary decisions. See Goldstein v. Denver Urban Renewal Authority, Colo., 560 P.2d 80, 82 n. 2 (1977); Board of County Commissioners v. Vail Associates Ltd., 171 Colo. 381, 468 P.2d 842 (1970).
We conclude, therefore, that the trial court did not err in denying the motion for an in limine hearing, thereby leaving the evidentiary decision to the commission.

Evidence Rebutting Comparability
This brings us to the crucial issue of this case: when a probability of rezoning to a more valuable zoning status exists, and a condemnee has properly introduced, as comparable, evidence of the sales price of property which enjoys the higher status, may the opposing party introduce rebuttal evidence designed to show the costs and expenses that would necessarily be incurred by the landowner in placing the subject property on a par with the better zoned property?
The duty of the commission under § 38-1-105, C.R.S. 1973, is to arrive at the "present reasonable market value" of the condemned property. Goldstein, supra. The standards guiding the commissioners' deliberations are essentially those of the free marketplace. The commissioners are charged with the duty of arriving at that price which the property would bring "under ordinary and usual circumstances, for cash, assuming that the owner is willing to sell and the purchaser is willing to buy, but neither under any obligation to do so." Wassenich v. City of Denver, 67 Colo. 456, 186 P. 533 (1919); see Colo.J.I. 26:3. The commissioners are not to view the property in its present status only. Rather, the present market value is to be assessed in light of the highest and best use to which the property can reasonably be applied. Stark v. Poudre School District, Colo., 560 P.2d 77 (1977).
If, among other reasons, a probability of upward rezoning exists, the commissioners may take evidence, under the comparable sales method of valuation, of sales of other property which has benefited by the more advantageous zoning status. See Stark, supra; see generally Wassenich, supra. And, in keeping with this free marketplace concept of valuation, we conclude that the evidence sought to be introduced by the appellant here is likewise admissible.
We note initially that the rule governing the admissibility of evidence concerning the valuation of property is expansive, not contractive. "The commission is entitled to consider any competent evidence, apart from certain factors arising from the very fact of condemnation, which would be considered by a prospective seller or buyer as tending to affect the present market value of the land." Goldstein, supra. That a prospective buyer would want to weigh the potential costs as well as the benefits of a proposed rezoning is a fair proposition. The value of such counter-balancing information has long been recognized as a tool for appraising the fair market price of land. See, e. g., The American Institute of Real Estate Appraisers, The Appraisal of Real Estate 122 (1952).
We are aware of no principles of the law of eminent domain which prohibit the consideration of the type of cost evidence in rebuttal at issue here. See generally *292 McCandless v. United States, 298 U.S. 342, 56 S.Ct. 764, 80 L.Ed. 1205 (1936); State v. Gorga, 26 N.J. 113, 138 A.2d 833 (1958); 4 J. Sackman, Nichols on Eminent Domain, §§ 12.31(2), 12.3142 (1976); see also United States v. 25.02 Acres of Land, More or Less, 495 F.2d 1398 (10th Cir. 1974). Indeed, the principle of the reasonable buyer and seller would suffer if the introduction of evidence of the probability of rezoning and its beneficial effect were not considered to open the door to evidence of the practical costs involved in such a rezoning, and their effects. See generally Goldstein, supra.
The Webbs assert that the above principles and authorities do not apply here, on the ground that Aurora's cost evidence is speculative, and analogous to the "developmental" approach to valuation, which approach was expressly rejected in Department of Highways v. Schulhoff, 167 Colo. 72, 445 P.2d 402 (1968).
We conclude that Schulhoff is not controlling. In the "developmental" approach, professional appraisers do not view the date of the taking as the date of valuation, as we are required to do in eminent domain. See Goldstein, supra. Rather, they push the date of valuation into the future, by viewing as an accomplished fact the anticipated development of the subject property, and arrive at a value by capitalizing the income which such development would ostensibly bring. See generally 7 J. Sackman, Nichols on Eminent Domain, § 8.06 8 at 8-20.28 to 8-20.30 (1977).
In Schulhoff, for example, the condemnee's expert witness hypothetically carved the undeveloped property at issue into residential building sites, estimated the value of each site, and added all of the estimated values together. This approach was there held to be too speculative and too fraught with danger of exceeding "just compensation" to permit its use. Schulhoff, supra; see Nichols, supra; but see State Highway Commission v. Lee, 207 Kan. 284, 485 P.2d 310 (1971).
However, the danger of admitting speculative evidence in the instant case was controlled in that it was necessary for the Webbs to prove that a probability of rezoning existed, before they could introduce their AOD "similar sales" evidence. After that, Aurora's tendered exhibits were necessarily constrained by the scope of the evidence which they purported to rebut.
The Webbs assert that the type of evidence submitted by the petitioner should be inadmissible because it relates to expenses for improvements which would not be located physically on the subject property. We do not think this represents a principled distinction from our basic proposition that a reasonable buyer will generally not decide upon the price he is willing to pay until he knows the costs as well as the benefits of a prospective rezoning.
The Webbs further contend that Aurora should be estopped from introducing its rebuttal evidence, since it did not object to the Webbs' introduction of the evidence of similar sales of AOD zoned property. We disagree with this reasoning. Aurora's theory concerned its right to meet, and attempt to rebutnot to excludethe respondent's evidence. Since Aurora did not find the landowner's approach objectionable per se, it quite properly refrained from objecting to it.
Thus, we hold that the evidence offered by the City of Aurora could have just as great a tendency to affect the present market value of the subject property as did the respondent's evidence of comparable sales of upwardly zoned property, and the evidence should not have been excluded.

Aurora's Exhibits
The Webbs state that even if rebuttal evidence of the type submitted by Aurora is generally admissible, we must still uphold the decision below because none of the specific exhibits tendered by Aurora were admissible for other evidentiary reasons. We disagree. Our examination of the exhibits in question convinces us that at least one of these exhibits overcomes the objections to admissibility raised by the Webbs, and inasmuch as we have ordered a new hearing, all evidentiary issues in this case can be dealt with anew at that time.
*293 We therefore reverse and remand for a new hearing consistent with the views expressed herein.
RULAND and BERMAN, JJ., concur.