**DEPARTMENT OF TRANSPORTATION, State of Colorado, Respondent–Appellant,**

v.

**Bennett A. AUSLAENDER, Petitioner–Appellee.**

**No. 03CA0152.**

Colorado Court of Appeals, Div. III.

June 3, 2004.

Ken Salazar, Attorney General, Larry D. Tannenbaum, Assistant Attorney General, Denver, Colorado, for Respondent–Appellant.

Moss & O'Dell, P.C., Edward C. Moss, Denver, Colorado, for Petitioner–Appellee.

Opinion by Judge DAILEY.

In this appeal arising out of a contempt proceeding, respondent, the Colorado Department of Transportation (CDOT), challenges the trial court's order granting injunctive relief to petitioner, Bennett A. Auslaender. We reverse.

CDOT instituted an eminent domain proceeding to obtain from Auslaender property needed to widen U.S. Highway 285 near Conifer, Colorado. In its condemnation petition,

CDOT requested immediate possession of the property, which Auslaender originally planned to contest. However, the parties reached a stipulation agreeing to CDOT's immediate possession, and after a hearing, the trial court entered orders approving the stipulation and granting CDOT immediate access to and possession of the property.

Subsequently, Auslaender initiated the present contempt proceeding, in which he alleged, as pertinent here, that CDOT violated a provision in the stipulation regarding his ability to plow and store snow at the end of his driveway. That provision (paragraph 14) provided that "[CDOT] and Mr. Auslaender will work together during the construction phase of the project to ensure an adequate driveway entrance width for snow placement purposes, as not to interfere with traffic."

Auslaender alleged that CDOT violated paragraph 14 by granting adjacent property owners a state access permit for the construction of a deceleration lane going through his snow storage area.

Following an evidentiary hearing, the trial court declined to hold CDOT in contempt. In the court's view, the contempt proceeding was premature because (1) "nothing has been approved at this stage with respect to the placement of the deceleration lane," namely, "whether it will go in or not" and, if so, the width of its accompanying, potentially interfering shoulder; (2) "we have not gone through the winter yet and everybody is speculating on whether [Auslaender] can or can't, will or won't be able to maneuver and place the snow;" and (3) no ruling regarding snow storage and placement would be possible in the absence of those parties who had filed or were otherwise concerned with an application for a deceleration lane.

However, the trial court issued an injunction prohibiting CDOT from "making any final approval ... with respect to the deceleration lane without first joining [the deceleration lane permit applicants] as indispensable parties ... and scheduling a hearing ... so that this Court can decide ... whether or not [the lane] will interfere with paragraph 14."

## I. Subject Matter Jurisdiction

■ CDOT contends that the trial court had no jurisdiction in this eminent domain case to enter, much less enforce, a stipulated order regarding Auslaender's snow removal or placement rights. We disagree.

■ CDOT correctly points out that (1) eminent domain proceedings are special statutory proceedings concerning issues of governmental possession and compensation for the use of private property, *see Ossman v. Mountain States Tel. & Tel. Co.*, 184 Colo. 360, 366, 520 P.2d 738, 742 (1974); *Denver Joint Stock Land Bank v. Bd. of County Comm'rs*, 105 Colo. 366, 368, 98 P.2d 283, 285 (1940); (2) collateral or extraneous issues that change the scope of eminent domain proceedings are not permitted in such proceedings, *Denver Power & Irrigation Co. v. Denver & Rio Grande R.R.*, 30 Colo. 204, 215, 69 P. 568, 571–72 (1902); *cf. Ossman v. Mountain States Tel. & Tel. Co., supra*, 184 Colo. at 364, 520 P.2d at 741 (inverse condemnation proceedings); and (3) subject matter jurisdiction cannot be conferred on a court by the agreement of the parties. *See Mesa County Valley Sch. Dist. No. 51 v. Kelsey*, 8 P.3d 1200, 1206 (Colo.2000).

■ However, issues pertaining to the government's right to take immediate possession of condemned property are properly part of eminent domain proceedings. *See* § 38–1–105(6), C.R.S.2003 (authorizing court to award possession of the condemned property at any stage of the proceedings).

From the record before us, it is clear that the parties entered into the stipulation to resolve the dispute over CDOT's right to take immediate possession of the property. Because the trial court had jurisdiction to decide issues pertaining to the government's possession of property, it necessarily follows that the trial court also had jurisdiction to accept, interpret, and enforce a stipulation resolving such issues. *See State Highway Dep't v. Swift*, 129 Colo. 413, 419–20, 270 P.2d 751, 755 (1954)(interpreting stipulation regarding landowner's access to public freeway in eminent domain proceeding); *Denver Urban Renewal Auth. v. Steiner Am. Corp.*, 31 Colo.App. 125, 132–33, 500 P.2d 983, 986–87 (1972)(enforcing stipulation regarding compensable nature of property not taken in eminent domain proceeding); *cf. Crystal Lakes Water & Sewer Ass'n v. Backlund*, 908

P.2d 534, 543 (Colo.1996)("As a general rule, '[o]nce a court takes jurisdiction of an action, it thereafter has exclusive jurisdiction of the subjects and matters ancillary thereto.'" (quoting *People ex rel. Maddox v. Dist. Court*, 198 Colo. 208, 211, 597 P.2d 573, 575 (1979))).

CDOT's reliance on *Tegeler v. Schneider*, 49 Colo. 574, 114 P. 288 (1911), is misplaced. In *Tegeler*, the supreme court held that a trial court did not have jurisdiction in an eminent domain proceeding to quiet title or otherwise protect a neighbor's rights to wastewater in or flowing from a condemned irrigation ditch. Unlike the present case, however, in *Tegeler* the parties had not relied on an agreement about wastewater rights to resolve a core—and disputed—issue of the eminent domain proceeding.

For these reasons, we conclude that the trial court had jurisdiction to enter and enforce the stipulated order, including the provision regarding Auslaender's snow removal rights.

## II. Merger of Order

■ We reject CDOT's suggestion that the stipulated order merged into, and thus was extinguished by, the subsequent entry of a final order in the eminent domain case that did not expressly incorporate the stipulated order.

Nothing in the text of the stipulation or in the record indicates that the stipulation was intended to be temporary in nature. The stipulation granted Auslaender a specific right to clear snow from his driveway. This right—akin to an easement or right-of-way—was independent of, and therefore not extinguished by, a final order determining the amount of just compensation for the taking of Auslaender's property. *See, e.g., State Highway Dep't v. Swift, supra*, 129 Colo. at 419–20, 270 P.2d at 755 (interpreting stipulation, entered into prior to final order, regarding landowner's access to public freeway in eminent domain proceeding).

Accordingly, we conclude that the trial court's stipulated order was, and is still, enforceable.

## III. Injunctive Relief

■ We agree, however, with CDOT's contention that the trial court erroneously enjoined it from approving construction of a proposed deceleration lane, pursuant to administrative proceedings subject to judicial review, without a prior hearing in the trial court.

In this contempt proceeding, Auslaender sought, as a remedial sanction for CDOT's approval of a deceleration lane permit, an order precluding CDOT from making any further decision that would affect his snow storage area. *See* C.R.C.P. 107(a)(5) (defining remedial contempt sanctions as "[s]anctions imposed to force compliance with a lawful order or to compel performance of an act within the person's power or present ability to perform").

However, remedial contempt sanctions may be imposed only for or in connection with an underlying contempt of court. *See* C.R.C.P. 107(d)(2) (court may "find ... contempt and order [remedial] sanctions"; in such case, the order must describe "the means by which the person may purge the contempt and the sanctions that will be in effect until the contempt is purged"); *In re Estate of Elliott*, 993 P.2d 474, 479 (Colo. 2000)("when remedial sanctions are imposed, the [trial] court must make findings of fact regarding the actions constituting the contempt and the present duty and ability to perform the acts required to purge oneself of contempt").

Here, because the trial court declined to find CDOT in contempt, there was no contempt for which remedial sanctions could be ordered. Consequently, the trial court's injunction is not sustainable as a remedial contempt sanction.

Auslaender nonetheless contends that the injunction was properly entered pursuant to the trial court's inherent power to enforce the stipulated order. We are not persuaded.

■ "Judicial power to enjoin an executive agency under the doctrine of inherent power is limited." *Rocky Mountain Animal Def. v. Colo. Div. of Wildlife*, —— P.3d ——, ——, 2004 WL 583742 (Colo.App. No. 02CA0503, Mar. 25, 2004); *see Jones v. Colo. State Bd.*

*of Chiropractic Exam'rs,* 874 P.2d 493, 494 (Colo.App.1994)("The power of the courts to order executive agencies to take any action is extremely limited. Injunctive relief is not generally available against an administrative agency performing the duties delegated to it.").

Inherent judicial power to enjoin an executive agency "should be exercised where an agency refuses to obey a court order." *Rocky Mountain Animal Def. v. Colo. Div. of Wildlife, supra,* —— P.3d at ——, 2004 WL 583742. And even where statutorily authorized, "[c]ourts should not grant the equitable remedy of injunction against other branches of government in the absence of convincing proof of threatened and impending wrongful action." *See State Bd. of Chiropractic Exam'rs v. Stjernholm,* 935 P.2d 959, 971 (Colo.1997)(quoting *City of Pueblo v. Flanders,* 122 Colo. 571, 573, 225 P.2d 832, 833 (1950), in the context of deciding a claim for injunctive relief under 42 U.S.C. § 1983).

Here, because the trial court found neither a violation, nor a threatened and impending violation, of its order by CDOT, we conclude that the trial court erred in prematurely issuing an order for injunctive relief.

## IV. Other Issues

Because of the manner in which we have resolved this case, we need not address the other contentions raised by the parties on appeal.

Accordingly, the order granting injunctive relief is reversed.

Judge TAUBMAN and Judge GRAHAM concur.