## No. 17,951.

JASPER D. JONES *v.* HARRY GALBASINI, ET AL.

(299 P. [2d] 503)

Decided July 9, 1956.   Rehearing denied July 30, 1956.

Mr. PAUL E. GARRISON, Mr. JAMES D. HASSED, for plaintiff in error.

Mr. KARL R. AHLBORN, for defendants in error.

*En Banc.*

MR. JUSTICE SUTTON delivered the opinion of the Court.

THIS matter is before us on the motion of defendants in error to dismiss the Writ of Error. The parties appear here in the same order they appeared in the court below and we refer to them as they there appeared. Defendants filed a brief with their motion to dismiss and plaintiff has filed a written answer.

The record shows that on August 10, 1955, plaintiff filed his complaint in the district court of Weld County alleging breach of a contract for the sale to him of certain business property. On August 18, 1955, defendants filed a motion to dismiss because the complaint allegedly failed to state a claim against the defendants or any of them upon which relief could be granted; and for the further reason that the address of plaintiff was not shown on the complaint as required by the rules. On August 24, 1955, plaintiff filed an answer to the motion to dismiss, which merely set forth the address of the plaintiff. On November 7, 1955, the district court entered an "ORDER FOR DISMISSAL and FOR ENTRY OF JUDGMENT". This order and part of the records states:

"And afterwards and on to-wit: the 7th day of November, A. D. 1955, the same being one of the regular juridical days of the November, A. D. 1955, Term of said Court, the following proceedings, inter alia, were had and entered of record in said Court, to-wit: * * * ORDER FOR DISMISSAL and FOR ENTRY OF JUDGMENT.

66

"At this day, the cause herein having been heretofore taken under advisement for ruling on Defendants' Motion to Dismiss, and the Court, being now fully advised, GRANTS Defendants' Motion to Dismiss, and it is ORDERED that the written Order dismissing cause, this day signed by the Honorable Donald A. Carpenter, one of the Judges of this Court who heard this cause, be entered and recorded herein, which is accordingly done. It is FURTHER ORDERED that Judgment of Dismissal be entered herein."

The above order is followed in the record by a written "RULING OF THE COURT ON DEFENDANTS' MOTION TO DISMISS." This recites that both counsel were present, that there was argument, that the court took the matter under advisement, and the court then sustained the defendants' motion to dismiss said action. "* * * and Plaintiff is allowed his exceptions to said ruling of the Court." (Emphasis added.) This order is dated November 7, 1955, and signed by the Judge. Then the record contains a "JUDGMENT OF DISMISSAL" entered by the clerk based upon the above ruling, the body of which is:

"The Court having this day ordered that Judgment be entered in accordance with the finding of the Court herein, now, therefore,

"It is CONSIDERED, ORDERED AND ADJUDGED BY THE COURT that said Plaintiff take nothing by his said suit and that the said Complaint be DISMISSED, and that said Defendants recover of and from the said Plaintiff their costs in this behalf laid out and expended, to be taxed, and have execution therefor."

On February 2, 1956, plaintiff appeared in court with new counsel who stated that plaintiff desired to file a motion for permission to file an amended complaint. No written withdrawal of the plaintiff's former attorneys was in the record and the court would not permit the entering of appearance by plaintiff's new attorneys.

On February 6, 1956, an order was entered continuing the matter until the plaintiff's new attorneys could secure written withdrawal of former counsel. The court also on that day, on motion of defendants' attorney, entered an order stating that a judgment of dismissal was entered at that time, and such judgment was so entered by the clerk.

On March 12, 1956, plaintiff's new attorneys filed a motion for relief from judgment and order, alleging certain matters, and filed a written withdrawal of plaintiff's first counsel in accordance with the Rules of Court of the 8th Judicial District.

On March 21, 1956, the motion for leave to file an amended complaint was heard and denied. On April 4, 1956, plaintiff applied for a writ of error.

The record shows that the plaintiff was advised of the court's written order of November 7, 1955, but plaintiff denies notice of the clerk's entry of judgment based on the minute order. That when the February judgment was entered, both the court and defendants' counsel had been advised by plaintiff's then counsel that *no judgment* actually had been entered on the November order. The court, when so informed of the facts on March 21, 1956, set aside the February judgment and order.

Plaintiff's answer to the motion before us alleges with other matters five points relating to the key question, viz:

1. That the trial court clerk's entry of judgment on November 7, 1955, was without authority from the trial court and therefore void — meaning it cannot be authorized by minute order.

2. That the only *final order* is the one entered March 21, 1956, denying leave to file plaintiff's amended complaint.

3. Does sustaining of a motion to dismiss without an order of *court dismissing* the case authorize the clerk, as a ministerial duty, to automatically enter a judgment on the court records?

4. That the order of November 7 was not entered in the presence of plaintiff's attorneys, is on its face only a "RULING OF THE COURT ON DEFENDANTS' MOTION TO DISMISS", and did not order the case dismissed.

5. That the clerk entering the dismissal order on November 7 went beyond the court's order of that date and said dismissal order is void.

We believe plaintiff's points can be posed in one question, viz:

*Was the judgment of November 7, 1955, a final judgment?*

■ This question is answered in the affirmative. We must be governed by the record before us. The record shows the trial court's *written ruling* and shows the court's minute order to the clerk to enter judgment of dismissal and the judgment so entered. Judgments need be in no particular form except to be clear. There is no legally prescribed verbal formula which must be used for that purpose. *Little Pittsburg Co. v. Little Chief Co.*, 11 Colo. 223, 227, 17 Pac. 760. A judgment is final when it ends the particular suit in which it is entered.

"To constitute a judgment there must be an express adjudication to that effect, but, subject to the requirements of statute or court rule or practice, no particular form is required in a court proceeding to render its order a judgment, provided the rights of the parties may be ascertained therefrom." Sec. 62 (a), 49 C.J.S. 180.

The judgment must adjudicate the issues; be complete in itself; and apart from statute, no particular form of words is necessary to constitute a judgment. A judgment should be reduced to writing after it is orally announced from the bench. "A statutory provision or court rule that judgments must be in writing is imperative, and a decision of the court, not reduced to writing or entered on the minutes, is not effective as a judgment." Sec. 64, 49 C.J.S. 183. "Except as otherwise permitted by statute

or rule of court, there can be only one final judgment in any one action." Sec. 65, 49 C.J.S. 184.

■ Plaintiff was notified of the *ruling of November 7* and as far as this record shows he presumably was also advised of the minute order and judgment entered thereon. He had three months from that date in which to sue out his writ of error (Rule 111 R.C.P.) and failed to do so. He thus is not in time in this Court.

The case of *Slifka v. Viettie,* 110 Colo. 138, 131 P. (2d) 417, cited by plaintiff as authority for his position is not in point. There the record disclosed *only* the sustaining of a motion to dismiss the action and *did not include* any order of dismissal. No matter reviewable being presented that writ of error was dismissed.

■ Though a judgment once pronounced is final and effective from that date on *(Wilson v. Collin,* 45 Colo. 412, 102 Pac. 21) the act of entering it by the clerk is purely ministerial and no clerk by his omission to record it can defeat its effect as between the parties. Even the signing of the order is but evidence of an order made. *Demens v. Huene,* 89 Cal. App. 748, 265 Pac. 389, 390. On writ of error a different rule applies so the record will be complete. Under our decisions one suing out a writ of error must see that the actual judgment has been pronounced by the court and then entered by the clerk and that it appears in the record, otherwise no reviewable judgment is presented. *Morron v. McDaniel,* 127 Colo. 180, 254 P. (2d) 862. However, any action by a trial court which terminates the proceedings is a final judgment between the parties. See *Johnson v. Johnson,* 132 Colo. 236, 287 P. (2d) 49.

The writ of error is dismissed.