No. 19,880.

DELBERT BURTON *v.* IRENE E. GARNER, ET AL.
(374 P. [2d] 707)

Decided September 24, 1962.   Rehearing denied October 8, 1962.

Mr. D. E. JOHNSON, for plaintiff in error.

Mr. THOMAS E. CREIGHTON, for defendants in error.

*En Banc.*

MR. JUSTICE SUTTON delivered the opinion of the Court.

THIS is an action concerning an accounting and title to realty located in Elbert County, Colorado. We will refer to the parties by name.

Burton's complaint stated that his action was "* * *

brought for the purpose of obtaining a complete adjudication of the rights of all parties hereto with respect to the following described real estate * * *."

It appears from the record that in 1943 Burton's mother, one Lula Bell Burton, acquired title to a farm on which she lived with Burton until 1958 when she allegedly abandoned it and left her son in full possession. The son alleges that when the farm was purchased his mother did so "* * * for the use and benefit of plaintiff, and that he would pay the full purchase price thereof * * *." In 1955 the mother executed a deed in joint tenancy to herself and her son with right of survivorship. Upon leaving the farm to visit her two daughters in 1958 the mother decided to live with them permanently. Soon thereafter, in 1959, she executed a deed to the daughters for a one-half interest in the farm. The son alleges that he paid various loans secured by the farm, taxes and other expenses; that the title was in trust for him; and that the deed to the daughters was without consideration, procured by undue influence and was invalid since his mother had no right or interest in the farm at the time of the second conveyance.

Burton's complaint asked that his title be established and quieted, that the deed to the daughters be cancelled, that they be restrained from asserting any claim to the farm, for costs "and all other proper relief."

Suffice it to say here that after the matter was at issue the trial court first heard the issues of title raised by the complainant leaving counterclaims and cross claims for a later determination. On December 12, 1960, the court entered its judgment holding that Burton had failed to sustain his allegations and declared the title to be held as tenants in common with one-half in Burton and one-fourth in each sister. Two days later the mother died. .

Burton next filed a cross complaint to his sisters' counterclaims which had demanded an accounting. His new cross complaint asserted among other things that

by virtue of the original joint-tenancy deed Burton now was the full owner. Other issues previously determined were raised as well.

On May 12, 1961, trial was had on the issues formed by the new pleadings and the trial court properly determined that the issue of title was res judicata. The land was then ordered sold with the proceeds to be divided as the title had been decreed. The cross and counter claims for an accounting, payments made and other matters were held to offset each other.

Being dissatisfied with the result of the second trial Burton sought relief by writ of error on June 12, 1961. He, however, failed to tender the reporter's transcript in proper time and the trial court refused to certify it. Thus none of the testimony is before us, the record consisting of the various pleadings, orders and judgments.

Three grounds of error are urged here:

1. The trial court lacked jurisdiction to enter its "order" of May 12, 1961.

2. The trial court erred in "refusing" to permit Burton to so plead his cross-claim and alternative cross-claim.

3. The findings of fact and judgment are contrary to the pleadings and the evidence.

We treat these grounds seriatim.

*First*: The "order" referred to of May 12, 1961, actually is two instruments. The first is an order by the trial court on that date after hearing, refusing to set aside its previous judgment decreeing only one-half of the title in Burton; and, determining that only the issues on accounting and other undecided matters would be determined at this hearing. The second instrument is the Findings of Fact, Conclusions of Law and Judgment entered on May 29, 1961, following the trial of May 12, 1961.

As previously stated the title matter was settled by the judgment of December 12, 1960, and was res judicata on May 12, 1961. We find no error in the refusal of the trial court to re-open that phase of the case. See *Newby v. Bock,* 120 Colo. 454, 210 P. (2d) 985 (1949).

532

*Second*: The record before us discloses nothing to support the allegation that the trial court refused to permit Burton to plead or prove anything. In fact it discloses that the several trial judges who heard the various motions and claims gave due consideration to every pleading properly before it. Whether the testimony with which we are not favored would show otherwise we cannot say.

■ *Third*: There being no transcript before us we cannot consider this ground of asserted error. In its absence we are bound to presume that the findings and conclusions of the trial court are correct and that the evidence presented supports the judgment. *Meagher v. Neal,* 130 Colo. 7, 272 P. (2d) 992 (1954).

The judgment is affirmed.