Opinion by
Mr. Justice Moore.
Plaintiff in error, hereinafter referred to as Mary, supplied a bail bond in the amount of $1,000 and thereby procured the release from jail of one Roy E. Stubble-field following his arrest on a charge of forgery.
*94 The date set for the trial of the accused was January 24, 1963. When that day arrived Stubblefield did not appear. The trial court declared the bond forfeited and ordered a bench warrant to issue for his arrest. On January 29, 1963, a citation was issued to Mary directing her to appear before the court on March 4, 1963, and show cause why judgment should not enter against her for the sum of $1,000 under the conditions set forth in the bond which she had signed as surety. On March 4 no appearance was made by anyone in response to the citation and the court entered judgment against Mary in the amount of $1,000.
On March 13, 1963, Mary filed a motion to vacate the judgment on the ground that she had information that Stubblefield had been arrested in Oklahoma and was to be prosecuted in that state on charges involving bad checks. On April 15, 1963, a hearing was had on this motion. No evidence was taken and the “hearing” consisted only in arguments of counsel. The motion was denied, and the court ordered that a motion for new trial be dispensed with and that thirty days be allowed for the filing of the reporter’s transcript.
On May 17, 1963, Mary filed a second petition for relief from the judgment, on the same grounds relied on in the motion filed March 13. A hearing was held on this petition and Mary testified that she knew that Stubblefield was in jail in Oklahoma; that she had made a trip to that state and had had him arrested by Oklahoma police; that the Oklahoma authorities would not release him until he had answered for his crimes committed in that state; that his arrest in Oklahoma took place on March 8, 1963 (four days after judgment entered upon the bail bond); and that she was willing to pay any expense involved in bringing him back to the county jail of Adams county upon his release by Oklahoma authorities. This petition was denied on June 10, 1963. Writ of error issued on September 6, 1963, more than three months following the date that judgment *95 was entered on March 4, 1963, and more than three months following the date upon which the first motion to vacate the judgment was denied.
Counsel for the People argue, inter alia, that the writ of error should be dismissed for the reason that it was not issued within three months of the date of the judgment to which it is directed, as required by Rule 111 (b), R.C.P. Colo., which provides that, “No writ of error shall be issued after 3 months from the entry of the judgment complained of * * *.”
 We have held on numerous occasions that the issuance of a writ of error within the prescribed time is mandatory and a writ of error which issues after the expiration of the three month period must be dismissed. The instant action presents a comparable situation to that which was shown in Johnson v. Johnson, 132 Colo. 236, 287 P.2d 49, from which we quote the following:
“The final judgment of the trial court having been entered on March 29, 1954, and the praecipe for writ of error not having been filed with the clerk of this Court until December 6, 1954, it was not within the time provided by Rule 111 (b) and the writ of error issued pursuant thereto is hereby dismissed.”
In a like vein, Jones v. Galbasini, et al., 134 Colo. 64, 299 P.2d 503, also is authority for the rule which requires the. issuance of a writ of error within three months of the date of final judgment.
It follows that the writ of error in this action should be, and hereby is, dismissed.
Mr. Justice Day and Mr. Justice Pringle concur.