## No. 21670.

BERNARD MARCOTTE, AND INDUSTRIAL COMMISSION FOR THE
STATE OF COLORADO *v.* OLIN MATHIESON CHEMICAL
CORPORATION, A VIRGINIA CORPORATION.

(425 P.2d 37)

Decided March 13, 1967. Rehearing denied April 3, 1967.

132

MARSHALL QUIAT, for plaintiffs in error.

YEGGE, HALL, TREECE & EVANS, EDWARD H. WIDMANN, for defendant in error.

*En Banc.*

MR. JUSTICE McWILLIAMS delivered the opinion of the Court.

MARCOTTE, a foreman lather, brought an action against Olin Mathieson Chemical Corporation for personal injuries sustained by him when a "Ramset" gun discharged a stud into his left ankle. This gun, which was alleged to have been manufactured by a wholly owned subsidiary of Olin Mathieson, accidentally discharged when Marcotte either dropped it, or knocked it over, with the butt end of the gun striking the floor.

The theory of Marcotte's claim was twofold: (1) that Olin Mathieson was negligent in its manufacture of the Ramset gun, and in this regard there was a passing reference in the complaint to res ipsa loquitur; and (2) that Olin Mathieson breached either an express or implied warranty of fitness.

Upon a jury trial of the matter, Olin Mathieson, after Marcotte had rested his case, moved for a dismissal under R.C.P. Colo. 41(b)(1). This motion was granted by the trial court, and judgment of dismissal followed. By writ of error Marcotte seeks reversal of the judgment dismissing his claim for relief.

██ In this court, upon motion, we entered an order striking the reporter's transcript from the record on error. This was done for the reason that in the trial court Marcotte had failed to lodge the reporter's transcript within the time prescribed in R.C.P. Colo. 112(f),

and for the further reason that Marcotte had never sought, *in the manner prescribed in R.C.P. Colo. 6(b)(2) and 7(b)(1),* any extension of time within which to lodge with the trial court the reporter's transcript. In this connection, the fact of the matter is that, in the first instance, Marcotte did not lodge with the trial court the reporter's transcript within the 60 day period prescribed by the applicable rule, nor did he within that 60 day period make any sort of a request for an extension of time. Rather, some 7 days later, Marcotte, upon oral motion and without notice obtained *ex parte,* a nunc pro tunc order extending his time to lodge the reporter's transcript for a period of 60 additional days.

Thereafter, Marcotte failed to file the reporter's transcript within this "second" 60 day period of time, nor did he within that particular period of time obtain any further extension of time. Rather, 5 days later, Marcotte obtained, *ex parte,* a 30 day extension, this time *not* nunc pro tunc, but again on oral motion and without notice to Olin Mathieson. A few days thereafter Marcotte did "lodge" the reporter's transcript in the trial court.

As already noted, in this court Olin Mathieson moved to strike the reporter's transcript as a part of the record on error. In this connection Olin Mathieson contended that the "purported" extensions of time were in each instance a nullity because neither was obtained in the manner prescribed in Rules 6(b)(2) and 7(b)(1). This court thereafter entered a formal order, but without written opinion, granting the motion to strike and striking from the record on error the aforementioned reporter's transcript. In support of our order striking the reporter's transcript, see not only the aforementioned rules, but also 2 Moore, Federal Practice, paragraph 6.08, at 1480 (2d ed. 1966). And although *Business and Product Promotion, Inc. v. East Tincup, Inc.,* 154 Colo. 268, 389 P.2d 851 is admittedly not on all fours, it nonetheless does shed light on this particular aspect of the

134

case and supports our granting of the motion to strike.

■ Notwithstanding the fact that the reporter's transcript has now been stricken from the record on error, Marcotte contends that the judgment must nevertheless still be reversed. It is his position, now, that the record on error, *independent and apart from the reporter's transcript*, does itself dictate and require a reversal of the judgment of dismissal. With this general contention, we are not in accord.

■■ On the merits of the matter, Marcotte argues that his evidence touching upon the issues of negligence and proximate cause, res ipsa loquitur, and express and implied warranties was such as to require submission of the case to the jury. Just how we could pass upon the legal sufficiency of the evidence adduced by Marcotte in support of his claim for relief without resort to the reporter's transcript is somewhat difficult to understand. To bolster his position in this particular, Marcotte argues that reference to the pre-trial order and his motion for a new trial, each of which is still a part of the record of error, conclusively demonstrates that his case was improperly taken away from the jury. Suffice it to say that we have examined the pre-trial order, as well as Marcotte's motion for a new trial, and find that neither would in anywise justify a reversal of the judgment.

■ The reporter's transcript not now being a part of the record on error, a presumption of regularity therefore attaches to the judgment as entered by the trial court. *Burton v. Garner*, 150 Colo. 529, 374 P.2d 707.

The judgment is therefore affirmed.