Opinion by
Mr. Chief Justice McWilliams.
After a trial to the court a judgment was entered in favor of the plaintiff, Leta Cox, against the defendant, Duke Shepherd, in the sum of $1,145, plus interest and costs. By writ of error the defendant now seeks reversal of the judgment thus entered.
The record on error does not include the reporter’s transcript of the testimony given at the trial, as the defendant in his designation of the record on error did not designate or include therein any request for the reporter’s transcript. In this connection the defendant apparently was of the view that the reporter’s transcript was not necessary in order for him to obtain a reversal. In our review of the matter we are therefore limited to a consideration of the pleadings of the parties and the findings, conclusions and judgment of the trial court.
*30 In her complaint the plaintiff alleged that she had purchased property from the defendant and that the defendant, who owned certain adjoining property (referred to as Lot 3), had theretofore constructed a retaining wall across the back of the property thus purchased by plaintiff from the defendant. It was further alleged by the plaintiff that very shortly after she purchased this property the retaining wall in question “began to fall over causing plaintiff’s land to cave in.” Based on these factual allegations the plaintiff asserted two claims for relief as follows: (1) that the defendant had breached a certain “guarantee agreement” between the parties whereby the defendant had previously expressly stated that the retaining wall was “well built and in good condition” and had guaranteed “the wall against any defects for a period up to one year....”; (2) that the defendant had negligently erected the retaining wall. Defendant’s answer consisted of few admissions and more denials of the several allegations in the complaint.
The trial court found that the defendant had negligently erected the retaining wall in that he had failed to conduct specific soil tests to determine if the “deadman supports as used to hold this wall would hold in this type of soil.” It was on this finding of fact that the trial court entered its judgment in favor of the plaintiff. In the course of its findings the trial court opined that the wall in question was “more or less” a party wall. Counsel now seizes on this offhand characterization of the wall and makes it the basis for his entire argument for reversal.
In his brief the defendant categorically states that the adjoining property in question was not in fact owned by the defendant but was on the contrary owned by Nelson and Barbara Kverno. On this state of assumed facts the defendant then argues that the Kvernos had a joint interest in the wall in question, which the trial court had characterized as being more or less a party wall, and accordingly were indispensable parties to the *31 proceedings. Inasmuch as the Kvernos were admittedly not parties to the instant proceedings, the judgment must for that reason be reversed, claims the defendant.
In disposing of this contention we need not be drawn into any discussion as to whether the Kvernos, if they were in fact the owners of the adjoining lot, were or were not indispensable parties for the very simple reason that the record before us does not support the factual hypothesis upon which the defendant’s argument is predicated.
To be a bit more specific, in his brief counsel makes the following statement:
“Residences had been constructed on the lots, and Lot 1 was sold to the plaintiff and Lot 3 was sold to Nelson B. Kverno and Barbara J. Kverno, who are not parties to this action, (f.57).”
Folio 57 constitutes a portion of the findings of the trial court and our examination fails to disclose any finding at folio 57 or anywhere else in the record which would support the above quoted statement of counsel in his brief. In fact the first mention of the Kvernos is in the opening brief and the Kvernos are never mentioned at any place in the pleadings or in the trial court’s finding and conclusions. We are at a loss to account for the assertion by counsel in his brief that the Kvernos are the owners of Lot 3, and citing folio 57 in support thereof.
Let us now examine certain findings that were made by the trial court. The trial court did find that the defendant was the owner of Lots 1 and 3; that the defendant sold Lot 1 to the plaintiff; and that the defendant, while owning both lots, had negligently erected the retaining wall in question. It is on this state of the record that we decline to consider the merits, if any, of the matter now sought to be raised by counsel.
The instant case comes well within the ambit of Marcotte v. Olin Mathieson, 162 Colo. 131, 425 P.2d 37, where we stated that the reporter’s transcript not being *32 a part of the record on error, a presumption of regularity therefore attaches to the judgment entered by the trial court.
Judgment affirmed.
Mr. Justice Pringle, Mr. Justice Hodges, and Mr. Justice Lee concur.