479 P.2d 289 (1970)
Elisabeth K. LAUGESEN and Richard W. Laugesen, Plaintiffs-Appellees,
v.
WITKIN HOMES, INC., a corporation, Defendant-Appellant.
No. 70-493.
Colorado Court of Appeals, Div. I.
December 1, 1970.
Rehearing Denied December 15, 1970.
*290 Wormwood, Wolvington, Renner & Dosh, Richard W. Laugesen, Denver, for plaintiffs-appellees.
David J. Hahn, C. Thomas Bastien, Denver, for defendant-appellant.
Selected for Official Publication.
COYTE, Judge.
Appellant, represented in the trial court by a different attorney than counsel appearing here, was unsuccessful in the trial court. Motion for new trial in the trial court was denied on July 10, 1970. The time for filing notice of appeal expired on August 10, 1970.
Appellant discharged his former attorney on July 27th or 28th. The record is silent as to the precise date appellant's present attorneys were retained. When retained they were advised that claimant desired to appeal. However, at the hearing for extension of time to file notice of appeal they stated that because of difficulty in acquiring the files, the files had not been obtained until two weeks after their employment and had not been reviewed until five days after they were received. The files were voluminous and consisted of a drawer full of numerically numbered files.
Appellant's attorneys further stated that they looked at the files as soon as it was physically possible to do so; that they were involved with other pressing legal matters so that they could not give this matter any attention prior to the time that they did; and that motion for extension of time to file notice of appeal was filed promptly as soon as they found that time for appeal had expired.
This motion was filed on August 12, 1970, and was supported by an affidavit of one of the attorneys. The motion was then withdrawn and an amended motion was filed on August 13, 1970.
The trial court, after a hearing on the motion for extension of time within which to file notice of appeal wherein affidavits and statements of counsel were presented, denied the motion.
Appellant appeared in this court and requested that the rules be waived to the extent that it be allowed to appeal the order of the trial court in denying an extension of time within which to file notice of appeal and on a record limited to proceedings thereto. We allowed such an appeal and now have before us the record made at the hearing on appellant's motion for extension of time for filing notice of appeal, together with the briefs of the parties. The sole matter for our consideration is, "Did the trial court abuse its discretion in denying appellant an extension of time within which to file notice of appeal after the original thirty days as provided in C.A.R. 4(a) had expired?"
C.A.R. 4(a) provides in part:
"Upon a showing of excusable neglect, the trial court may extend the time for filing the notice of appeal by any party for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this section (a). Such an extension may be granted before or after the time otherwise prescribed by this section (a) has expired; but if a request for an extension is made after such time has expired, it shall be made by motion with such notice as the court shall deem appropriate."
We agree with the trial court that there was no showing of excusable neglect. We are governed, as was the trial court, by the case of Cox v. Adams, Colo., 464 P.2d 513, wherein it is stated:
"As a matter of law, the defendant's motion for extension of time does not show any excusable neglect. The general rule is that the press of work or other activities of an attorney do not constitute excusable neglect. See Vol. 15A Words and Phrases, p. 228. See also Citizens' Protective League v. Clark, 85 U.S.App. D.C. 282, 178 F.2d 703; Maghan v. *291 Young, 80 U.S.App.D.C. 395, 154 F.2d 13; Motors Ins. Corp. v. Fields, 294 S.W. 2d 518 (Ky.); Dow v. Ross, 90 Cal. 562, 27 P. 409.
This court requires strict compliance with R.C.P.Colo. 112(f). See Continental Air Lines v. Denver, 129 Colo. 1, 266 P.2d 400; Marcotte v. Olin Mathieson Chemical Corp., 162 Colo. 131, 425 P.2d 37; Freeman v. Cross, 134 Colo. 437, 305 P.2d 759."
C.A.R. 4(a) provides that notice of appeal shall be filed within thirty days and that an extension of said thirty days may be granted only for excusable neglect. Strict compliance with C.A.R. 4(a) is essential.
Appeal dismissed.
SILVERSTEIN, C. J., and DUFFORD, J., concur.