515 P.2d 480 (1973)
FEDERAL LUMBER CO., a Colorado corporation, Plaintiff-Appellee,
v.
G. A. HANLEY et al., Defendants-Appellants.
FOUR CORNERS VACATION PROPERTIES, INC., Plaintiff-Appellee,
v.
Carolyn J. FITZGERALD et al., Defendants-Appellants (two cases).
No. 72-281.
Colorado Court of Appeals, Div. II.
August 21, 1973.
Rehearing Denied September 25, 1973.
Certiorari Denied November 19, 1973.
*481 Hamilton, Sherman, Hamilton & Shand, P. C., E. B. Hamilton, Jr., Durango, for plaintiffs-appellees.
Berge, Martin & Clark, Harry M. Williams, Denver, for defendants-appellants G. A. Hanley, Judy Hanley and Patricia J. Hanley.
Al H. Haas, Durango, for defendant-appellant Carolyn J. Fitzgerald.
Selected for Official Publication.
COYTE, Judge.
Defendants appeal from an order of the trial court refusing to vacate a default judgment entered on May 10, 1971, in a consolidated suit wherein plaintiffs sought foreclosure of a mechanic's lien, possession of the property, and a decree quieting title to the property. For the reasons stated below the appeal must be dismissed.
The underlying facts of this case are set out in Fitzgerald v. District Court, Colo., 493 P.2d 27. We will briefly recapitulate the pertinent procedural aspects. On September 7, 1971, defendants first moved to set aside the judgment pursuant to C.R.C. P. 60(b). This motion was denied on September 8, 1971. Thereafter, defendants commenced an original proceeding in the Colorado Supreme Court for a writ of prohibition. The court held that the proper procedure for review of the order refusing to set aside the default judgment was by appeal and denied the writ. Fitzgerald v. District Court, supra. No appeal from the denial of this motion was initiated. Thereafter, on March 9, 1972, defendants filed a second motion to vacate the default judgment. This motion was based on substantially the same grounds as the motion filed September 7, 1971, but included an asserted new ground for relief that had been in existence and known to defendants at the time the first motion was filed. Following a full evidentiary hearing, this second motion was denied on June 19, 1972. Thereupon, defendants filed notice of appeal from the second denial to set aside the default judgment.
C.A.R. 3(a) provides that an appeal shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by C.A.R. 4(a). The pertinent provision of C.A.R. 4(a) provides that notice of appeal shall be filed within 30 days of the entry of the order appealed from. This time limitation is jurisdictional, and the appeal must be dismissed when appellant has failed to file a timely notice of appeal. Chapman v. Miller, 29 Colo. App. 8, 476 P.2d 763. See Laugesen v. Witkin Homes, Inc., 29 Colo.App. 58, 479 P.2d 289.
Here, the default judgment was entered on May 10, 1971, and the order denying defendants' motion to vacate that judgment was entered on September 8, 1971. However, no timely appeal was taken from that order. Even though the court held an evidentiary hearing on the second motion, the filing of the second motion did not extend the time for filing the notice of appeal. Reale v. People, 160 Colo. 93, 414 P.2d 118; Fraka v. Malernee, *482 129 Colo. 87, 267 P.2d 651; Kinzbach v. Midwest Plumbing & Heating Co., 128 Colo. 370, 262 P.2d 548. Time for filing was not tolled by filing the writ of prohibition in the Supreme Court, and therefore, time had to be computed from the entry of the order denying the first motion to vacate the default judgment. Accordingly, the appeal must be dismissed.
Defendants' argument that they are appealing from the second denial by the trial court of their motion to set aside the default judgment is rejected. When no appeal was taken from the order of September 8, 1971, all matters in controversy were finally adjudicated and defendants' second motion to set aside the default judgment was a nullity and should have been stricken. Fraka v. Malernee, supra.
The appeal is dismissed.
SILVERSTEIN, C. J., and SMITH, J., concur.