587 P.2d 1201 (1978)
BOSWORTH DATA SERVICES, INC., a Colorado Corporation, Plaintiff-Appellee,
v.
Kenneth GLOSS, Defendant-Appellant.
No. 77-1075.
Colorado Court of Appeals, Div. II.
November 30, 1978.
*1202 Burg & Turk, P. C., Mark M. Wolfe, Denver, for plaintiff-appellee.
Jeffrey R. Edelman, Denver, for defendant-appellant.
ENOCH, Judge.
Defendant appeals from a judgment for plaintiff on its complaint and a denial of defendant's counterclaim. Plaintiff argues that this court is without jurisdiction to hear the merits of the appeal because defendant did not timely file notice of appeal. We agree and therefore dismiss the appeal.
C.A.R. 4(a) requires that a notice of appeal be filed within 30 days after the entry of an order denying a motion for new trial. If the parties are not personally present when the order is announced, the time begins to run from the date of the mailing of the notice of the order to the parties. Compliance with C.A.R. 4(a) is mandatory; failure to comply deprives this court of jurisdiction and precludes a review of the merits. See Chapman v. Miller, 29 Colo.App. 8, 476 P.2d 763 (1970); cf. People v. District Court, 189 Colo. 437, 541 P.2d 683 (1970). Upon a showing of excusable neglect the trial court may extend the time for filing for an additional period not to exceed 30 days. C.A.R. 4(a).
The procedural sequence in this case is not in dispute. On November 7, 1977, the trial court denied defendant's motion for new trial, and on November 8 counsel for plaintiff received the mailed notice from the trial court. Defendant filed his notice of appeal on Thursday, December 8, 31 days after entry of the order. On January 9, 1978, defendant filed a motion under C.A.R. 4(a) for extension of time to file notice of appeal, which the trial court denied because defendant had failed to show excusable neglect.
Defendant argues that there is insufficient evidence, in the absence of a certificate of mailing by the trial court clerk, to establish that the 30-day period began on November 7, 1977. Defendant therefore urges that his notice of appeal was not a day late. We disagree.
*1203 The record discloses that in the court's order of November 7 denying the motion for new trial, there appears above the court's signature the following: "Copies to Attys: Jeffrey R. Edelman, Mark W. Wolfe." The court registry under the date of November 7 shows "Copies to Attys." Counsel for plaintiff did receive his copy in the mail of November 8. In fact, defendant conceded in his motion for extension of time filed with the trial court that he had inadvertently miscounted the number of days and had filed one day late. In light of this evidence, the only reasonable conclusion is that the clerk mailed the notice to defendant on November 7, 1977, and that therefore defendant filed his notice of appeal one day late.
In the alternative defendant argues that even if the filing was late it was the result of excusable neglect and the trial court abused its discretion in not granting an extension of time. Again, we disagree.
Defendant's only basis for his argument that his neglect was excusable is that he miscounted the days. To support his theory defendant asserts that this court may find that being only one day late is excusable whereas 30 days might not be excusable. Defendant cites no authority for his position, and we find none. Although the number of days that a filing is late may be one factor in determining whether neglect is excusable, the critical question is the reason for the late filing. Excusable neglect has been found only in cases of extraordinary circumstances. See generally Annot., 26 A.L.R.Fed. 569. Thus the press of work or other activities of an attorney do not constitute excusable neglect. Cox v. Adams, 171 Colo. 37, 464 P.2d 513 (1970); Laugesen v. Witkin Homes, Inc., 29 Colo.App. 58, 479 P.2d 289 (1970). Close in point is the case of Harlan v. Graybar Electric Co., 442 F.2d 425 (9th Cir. 1971), in which the court stated:
"And although the fact that appellant's counsel `misread' the rule to allow sixty and not thirty days in which to file the notice does show neglect, it certainly does not make the neglect `excusable.'"
We therefore hold that miscounting the days within which to file a notice of appeal does not constitute excusable neglect under C.A.R. 4(a), and we find no abuse of discretion by the trial court in so ruling.
Defendant's final argument, based on a prior denial by this court of plaintiff's motion to dismiss for substantially the same jurisdictional reasons, appears to be that the prior order is binding unless reversed by the Supreme Court. This argument has no merit.
The issue of lack of subject matter jurisdiction may be raised at any time. Triebelhorn v. Turzanski, 149 Colo. 558, 370 P.2d 757 (1962). After the prior ruling of this court, we granted a motion to supplement the record. The supplement included defendant's motion for extension of time and the trial court's finding of no excusable neglect. This additional information made it clear that this court lacked jurisdiction to hear defendant's appeal. Therefore, a jurisdictional defect having been established, this court is not bound by its prior order. Sanchez v. Straight Creek Constructors, Colo.App., 580 P.2d 827 (1978).
Appeal dismissed.
KELLY and STERNBERG, JJ., concur.