Jack T. COLLINS, d/b/a J.T. Collins & Associates, Inc., Plaintiff-Appellant,

v.

BOULDER URBAN RENEWAL AUTHORITY, Defendant-Appellee.

No. 84CA0586.

Colorado Court of Appeals, Div. III.

June 21, 1984.

Hawke & Cornelius, Ronald H. Holmes, Boulder, for plaintiff-appellant.

James Harm, Boulder, for defendant-appellee.

KELLY, Judge.

Plaintiff seeks an order granting his motion for an extension of time to file a notice of appeal. We deny the motion and dismiss the appeal.

On January 20, 1984, the trial court granted summary judgment to defendant, and the order was mailed to counsel on January 23. In February, plaintiff's counsel filed a motion in the trial court seeking an extension of time to file a notice of appeal, and served the motion by mail. On February 21 the court granted the extension until March 12.

On March 12, plaintiff filed a notice of appeal in the trial court and subsequently filed a designation of record. Plaintiff's counsel alleges that he contacted the trial court on May 2 and learned that the record had been forwarded to this court. He then telephoned the clerk of this court and found that the record had not been "lodged" because no notice of appeal had been filed in this court as required by C.A.R. 4(a).

Thereafter, on May 9, plaintiff filed in this court his motion for extension of time to file a notice of appeal. He argues that defendant was notified of his intent to appeal because the February request for extension was served on defendant's counsel and because the notice was filed in the trial court within the time permitted under the previous rule, C.A.R. 4(a).

Prior to January 1, 1984, C.A.R. 4(a) provided that a notice of appeal was to be

filed with the clerk of the trial court within 30 days of the mailing of the judgment. The rule permitted the trial court to extend the time for filing by 30 days. *See* C.A.R. 26(b). On January 1, the amendments to C.A.R. 4(a) became effective. The rule now provides that the notice of appeal "shall be filed with the appellate court with an advisory copy served on the clerk of the trial court within forty-five days" of the date the judgment is mailed. The rule allows the appellate court to extend the time for filing the notice by 30 days, but no more. *See* C.A.R. 26(b).

Here, the last day for filing a notice of appeal, had this court granted a 30-day extension, was April 9, 1984. C.A.R. 4(a). Because no notice of appeal was filed in this court and because the plaintiff did not timely request this court to grant an extension, the appeal must be dismissed unless the notice of appeal filed in the trial court was sufficient. *See Bosworth Data Services, Inc. v. Gloss*, 41 Colo.App. 530, 587 P.2d 1201 (1978).

The new requirement that the notice of appeal be filed in the appellate court is jurisdictional, and strict compliance with the rule is required. *See Laugesen v. Witkin Homes, Inc.*, 29 Colo.App. 58, 479 P.2d 289 (1970); *Chapman v. Miller*, 29 Colo. App. 8, 476 P.2d 763 (1970). C.A.R. 25(a) provides that "papers required ... to be filed in the appellate court shall be filed with the clerk," and therefore, plaintiff's filing with the trial court was of no effect.

In reaching this result, we are not unmindful of *Converse v. Zinke*, 635 P.2d 882 (Colo.1981). There, our Supreme Court held that when a party "reasonably relies and acts upon an erroneous or misleading statement or ruling by the trial court regarding the time for filing post-trial motions," C.R.C.P. 6(b) does not operate as a jurisdictional bar to consideration of such motions.

Even if we assume that, despite C.A.R. 26(b), the "unique circumstances exception" created in *Converse* would permit filing of an untimely notice of appeal, we conclude that the exception is inapplicable. The trial court is without authority to grant an extension of time to file the notice of appeal; such power is now vested in the appellate court under C.A.R. 4(a). Further, the act of granting the motion in no way constituted an erroneous or misleading statement about *where* to file the notice.

The motion is denied and the appeal is dismissed.

METZGER, J., concurs.

TURSI, J., dissents.

TURSI, Judge, dissenting.

I respectfully dissent.

While I do not condone plaintiff's failure properly to file the notice of appeal, I would grant the motion. The trial court should have denied plaintiff's February motion for extension of time to file a notice of appeal on grounds that it lacked jurisdiction under C.A.R. 4(b). If the trial court had done so, it is most likely that plaintiff would have recognized his error in time to file the notice of appeal in this court. Under these circumstances, I would hold that the trial court's granting of the motion for extension constituted a "unique circumstance" justifying acceptance of a late filed notice of appeal. *See Converse v. Zinke*, 635 P.2d 882 (Colo.1981).