**REALTY WORLD–RANGE REALTY, LTD., a Colorado corporation, Plaintiff-Appellee,**

v.

**Frank J. PROCHASKA and Ruth Prochaska, Defendants-Appellants.**

No. 83CA1152.

Colorado Court of Appeals, Div. I.

Aug. 30, 1984.

Rehearing Denied Sept. 20, 1984.

Schey & Schey, Neil E. Piller, Longmont, for plaintiff-appellee.

Westel B. Wallace, Denver, for defendants-appellants.

ENOCH, Chief Judge.

Defendants, Frank J. and Ruth Prochaska, appeal the trial court's denial of their motion to set aside a default judgment entered in favor of plaintiff, Realty World—Range Realty, Ltd. We affirm.

In its complaint, plaintiff sought to recover a real estate commission allegedly owed by defendants. The defendants made no contact with the court and filed no answer or other response to the complaint within the requisite time. Pursuant to plaintiff's subsequent motion, a default judgment was entered. Notice of plaintiff's application for judgment was not given to defendants.

Approximately three months later, defendants moved to set aside the judgment pursuant to C.R.C.P. 60(b), urging that their failure to answer was the result of mistake, inadvertence, and excusable neglect. They also claimed that they should have been accorded notice of plaintiff's application for judgment pursuant to C.R.C.P. 55(b)(2). A proposed answer setting forth various defenses and a counterclaim was attached to the motion.

After hearing argument, the trial court denied defendants' motion, finding that no basis for relief under C.R.C.P. 60(b) had been shown. Copies of the order denying the motion were mailed to counsel for the parties on August 3, 1983.

On August 9, 1983, defendants contacted the court through their then counsel and requested that they be given an extension of time to file a motion for "new hearing." On the same day, the court orally granted the request, giving defendants until August 26, 1983, to file their motion. The motion for new hearing, which was filed by defendants on August 25, was denied on August 26, and notice of appeal was filed September 19, 1983.

I.

We first address plaintiff's jurisdictional challenge based on its contention that because it had no notice of defendants' request for an extension of time to file a motion for new hearing, and because the request was not in writing, the trial court's order granting the extension was void. Thus, plaintiff argues that both the motion for new hearing and notice of appeal were untimely. We disagree.

A written motion for extension of time is required where the extension is sought after the time originally prescribed by the rules has expired. C.R.C.P. 6(b)(2) and 7(b)(1); *Marcotte v. Olin Mathieson Chemical Corp.*, 162 Colo. 131, 425 P.2d 37 (1967). However, where, as here, the extension is sought prior to the expiration of the time prescribed, neither a formal written motion for enlargement nor notice to the adverse party is necessary. C.R.C.P. 6(b)(1). Thus, defendants' motion for new hearing, filed within the extended time granted by the trial court, was timely, as was the notice of appeal, C.R.C.P. 59(b);

C.A.R. 4(a), and this court does have jurisdiction to review the issues on appeal.

II.

Defendants contend that the trial court erred in failing to set aside the default judgment. In essence, they argue that because they had a meritorious defense, they should have been allowed to answer the complaint and proceed to trial. We disagree.

The existence of a meritorious defense is not sufficient alone to justify vacating a default judgment under C.R.C.P. 60(b). Rather, a party must show both that he has a meritorious defense and that he comes within one of the grounds for relief specified in the rule. *Biella v. State Department of Highways*, 652 P.2d 1100 (Colo.App.1982), *aff'd*, 672 P.2d 529 (1983).

Here, the trial court determined, and we agree, that defendants did not show that their failure to answer resulted from mistake, inadvertence, excusable neglect, or any other ground for relief set forth in C.R.C.P. 60(b). Thus, the trial court properly denied the motion.

We also disagree with defendants' contention that they should have been given notice under C.R.C.P. 55(b)(2) of plaintiff's application for judgment. Unlike the circumstances in the cases upon which they rely, defendants here did not make any contact with the court prior to the entry of judgment against them. *Cf. R.F. v. D.G.W.*, 192 Colo. 528, 560 P.2d 837 (1977); *Carls Construction, Inc. v. Gigliotti*, 40 Colo.App. 535, 577 P.2d 1107 (1978). Plaintiff's knowledge that defendants disputed the claim was insufficient to require that notice be given. *Sisneros v. First National Bank*, 689 P.2d 1178 (Colo.App.1983); *Biella v. State Department of Highways*, *supra*.

Order affirmed.

KELLY and METZGER, JJ., concur.