**Robert E. BUCKLES and Elizabeth O. Buckles, Plaintiffs–Appellants,**

v.

**STATE of Colorado, COLORADO DIVISION OF WILDLIFE, and The Board of Commissioners of the Colorado Division of Wildlife, Defendants–Appellees.**

No. 96CA2270.

*Colorado Court of Appeals, Div. II.*

Jan. 8, 1998.

Harry A. Tucker, Jr., Grand Junction, for Plaintiffs–Appellants.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Jane R. Christman, First Assistant Attorney General, Denver, for Defendants–Appellees.

Opinion by Judge DAVIDSON.

Plaintiffs, Robert E. and Elizabeth O. Buckles, appeal from the dismissal of their complaint against defendants, the State of Colorado, the Colorado Division of Wildlife, and the Board of Commissioners of the Colorado Division of Wildlife. We dismiss the appeal in part and otherwise affirm.

Plaintiffs' complaint asserted three claims for relief seeking damages based on allegations of improper construction and use by defendants of a road across plaintiffs' property: (1) common law trespass; (2) violation of civil rights under 42 U.S.C. § 1983 (1994); and (3) inverse condemnation. Plaintiffs alleged compliance with the notice provision of § 24–10–109, C.R.S.1997, of the Governmental Immunity Act (GIA).

Defendants moved to dismiss: (1) plaintiffs' common law trespass claim under C.R.C.P. 12(b)(1) for lack of subject matter jurisdiction on the grounds that it was a tort

claim barred by the GIA; (2) plaintiffs' claim under 42 U.S.C. § 1983 for lack of subject matter jurisdiction on the grounds that defendants were not "persons"; and (3) plaintiffs' inverse condemnation claim under C.R.C.P. 12(b)(5) for failure to state a claim on the grounds that the Division of Wildlife had no authority to proceed in eminent domain.

Plaintiffs filed a response, asserting, *inter alia*, that their trespass claim also included a claim for unlawful taking without compensation "under the federal and state constitutions."

In February 1996, the court orally granted defendants' motion to dismiss plaintiffs' common law trespass claim for lack of subject matter jurisdiction as barred by the GIA "insofar as it lies or could lie in tort." A signed, written order was entered on September 6, 1996. No appeal was filed from that order.

Defendants filed a motion for more definite statement as to remaining "statutory or constitutional trespass" claims not previously dismissed as barred by the GIA. In response, plaintiffs reasserted claims under 42 U.S.C. § 1983, inverse condemnation, and for violation of the right to privacy. Defendants then filed a motion to dismiss those claims under C.R.C.P. 12(b)(5) for failure to state a claim upon which relief could be granted.

On November 17, 1996, the court granted defendants' motion to dismiss all remaining claims under C.R.C.P. 12(b)(5) on the grounds that neither the United States nor the Colorado Constitutions provided a direct claim for relief for trespass or for violation of the right to privacy; defendants were not "persons" under 42 U.S.C. § 1983; and, because the Division of Wildlife had no eminent domain authority, no inverse condemnation claim could be brought against such agency.

Plaintiffs purport to be appealing from this November 1996 judgment dismissing under C.R.C.P. 12(b)(5) their claims for inverse condemnation, for "constitutional trespass," and under 42 U.S.C. § 1983. However, the primary issue raised in their brief on appeal, *i.e.* whether the GIA bars a common law trespass claim to the extent that it seeks injunc-

tive relief, relates not to the November 1996 judgment, but only to the September 1996 order dismissing their trespass claim under C.R.C.P. 12(b)(1) as barred under the GIA. We do not address this issue because an appeal from that order is untimely.

■ Section 24–10–108, C.R.S.1997, provides that a court's decision on a motion asserting sovereign immunity "is a final judgment and shall be subject to interlocutory appeal." Thus, by the plain terms of the GIA, a trial court's determination of lack of subject matter jurisdiction is a final judgment. *See City of Lakewood v. Brace,* 919 P.2d 231 (Colo.1996). This is true even if the order does not dispose of an entire claim or is otherwise interlocutory. *See Richland Development Co. v. East Cherry Creek Valley Water & Sanitation District,* 899 P.2d 371 (Colo.App.1995) (despite other claims pending in the trial court, no C.R.C.P. 54(b) certification required to appeal a ruling on sovereign immunity).

Therefore, unlike provisions which may allow for, but do not require, an appeal from an interlocutory order, § 24–10–108 requires that the appeal of the dismissal of a claim as barred by the GIA must be sought immediately, within the time requirements of C.A.R. 4(a), or it is barred. *See Federal Lumber Co. v. Hanley,* 33 Colo.App. 18, 515 P.2d 480 (1973) (failure to appeal timely from the entry of a final judgment is a jurisdictional bar to appellate review). *Cf.* C. Wright, A. Miller, E. Cooper & E. Gressman, *Federal Practice & Procedure* § 3921 (1977); *Victor Talking Machine Co. v. George,* 105 F.2d 697 (3d Cir.1939), *cert. denied,* 308 U.S. 611, 60 S.Ct. 176, 84 L.Ed. 511 (1939) (although appeal from an interlocutory order was permitted, failure to appeal does not waive review of such order on appeal from a final judgment).

Here, plaintiffs' notice of appeal was filed beyond the time required to appeal from the September 1996 order. Thus, that portion of the appeal must be dismissed.

■ As to plaintiffs' otherwise timely challenge to the trial court's November 1996 order dismissing their remaining claims under C.R.C.P. 12(b)(5), the only issue raised by plaintiffs is whether the GIA is unconsti-

tutional. However, this issue was raised for the first time on appeal and, therefore, we will not address it. *See City & County of Denver v. Desert Truck Sales, Inc.,* 837 P.2d 759 (Colo.1992) (challenges to the constitutionality of a statute not properly preserved for review in the trial court should not be considered for the first time on appeal). Thus, plaintiffs have not presented in their brief any basis for disturbing the November 1996 ruling.

Accordingly, the appeal from the September 1996 order is dismissed, and the November 1996 judgment is affirmed.

CRISWELL and ROTHENBERG, JJ., concur.