CITIZENS FOR RESPONSIBLE GROWTH, Elbert County, a Colorado nonprofit corporation; Laura E. Shapiro; and John T. Dorman, Petitioners

v.

RCI DEVELOPMENT PARTNERS, INC., a Colorado corporation, Respondent.

No. 09SC697.

Supreme Court of Colorado, En Banc.

May 31, 2011.

Fairfield and Woods, P.C., Joseph B. Dischinger, Denver, Colorado, Attorneys for Petitioners.

Reutzel & Associates, LLC, Jack E. Reutzel, Karen V. Reutzel, Littleton, Colorado, Attorneys for Respondent.

Justice COATS delivered the Opinion of the Court.

Citizens for Responsible Growth sought review of the court of appeals' judgment reversing a C.R.C.P. 106(a)(4) order of the district court. *See Citizens for Responsible Growth v. RCI Dev. Partners,* No. 08CA0890, 2009 WL 1419156 (Colo.App. May 21, 2009) (not selected for official publication). Citizens challenged Elbert County's approval of RCI's land-use applications, and the district court remanded for further proceedings by the Board of County Commissioners. Without considering the merits of the district court's order, the court of appeals found that it exceeded its jurisdiction by entertaining a complaint filed more than thirty days after the point of administrative finality.

Because Elbert County regulations required a written ruling to finalize the Board's quasi-judicial action in this case, and because depriving Citizens of judicial review without notice of that written ruling would violate constitutional guarantees of due process of law, the judgment of the court of appeals is reversed and the case is remanded to the

court of appeals for the resolution of RCI's remaining assignments of error.

### I.

In September 2006, RCI Development Partners, Inc. sought approval to build a large Planned Urban Development, or "PUD," in Elbert County. In one submittal it requested review of three applications: (1) a "PUD" application for rezoning, (2) a "1041" application for a new community in an area of state interest, and (3) a preliminary subdivision plat application.

The Elbert County Board of County Commissioners held public hearings on January 3rd and 4th of 2007 regarding RCI's applications. As evidenced by the record, the Board approved each of RCI's three applications by oral vote. On January 17, 2007, the Board recorded with the County Clerk and Recorder a resolution indicating its approval of RCI's applications. Thirty days later, Citizens for Responsible Growth, a Colorado nonprofit corporation, along with two citizens of Elbert County, filed a complaint against Elbert County and RCI, pursuant to C.R.C.P. 106(a)(4), alleging that the County had exceeded its jurisdiction and abused its discretion in approving the developer's land-use applications.

RCI moved to dismiss, asserting that Citizens failed to seek review of the County's determination within the thirty-day period permitted by C.R.C.P. 106. RCI reasoned that oral approval by the Board of County Commissioners at the public hearing constituted final agency action for purposes of judicial review and that the thirty-day period permitted by the rule therefore began to run on January 4th. Citizens responded that the agency action for which judicial review was sought could not have become final until adoption of the Board's written resolution. The district court denied the motion to dismiss, concluding that the action was timely filed under C.R.C.P. 106, and after consideration of the merits of the complaint, it ruled that the Board had exceeded its authority both by acting in a manner inconsistent with the County's master plan and by misconstruing the meaning of certain provisions in Elbert County's land-use regulations.

RCI appealed the district court's ruling to the court of appeals, which reversed on grounds that the district court lacked subject matter jurisdiction. In contrast to the position taken by RCI, the appellate court held that notwithstanding an agency's announcement of its decision at a public hearing, it is the date of adopting a subsequent written resolution, should the agency choose to do so, that marks the point of administrative finality for purposes of judicial review. The appellate court also held, however, that because a plaintiff bears the burden of proving subject matter jurisdiction, in failing to disprove that the Board adopted its written resolution sometime before January 17th, the day the resolution was recorded, Citizens failed to prove that its complaint was filed within thirty days of final agency action, as required by C.R.C.P. 106. The court of appeals therefore concluded that Citizens failed to meet its burden of proving the district court had subject matter jurisdiction to review the Board's approval of RCI's applications.

Citizens petitioned for a writ of certiorari.

### II.

In the absence of any plain, speedy, and adequate remedy otherwise provided by law, Rule 106(a)(4) of the Colorado Rules of Civil Procedure provides a procedural vehicle for the judicial review of governmental bodies or officers exercising quasi-judicial functions. Unless a time within which review may be sought is separately provided by statute, a complaint for review pursuant to this rule must be filed in the district court not later than thirty days after the final decision being challenged. C.R.C.P. 106(b). We have previously held that the filing requirements of C.R.C.P. 106(b) are jurisdictional in nature, and a failure to timely file according to the provisions of the rule therefore requires dismissal. *Danielson v. Zoning Bd. of Adjustment,* 807 P.2d 541, 543 (Colo.1990).

Precisely what constitutes a "final decision" within the contemplation of the rule is not further amplified. In both judicial and quasi-judicial contexts, we have characterized a final judgment or decision generally as one that ends the particular action in which it is

entered, leaving nothing further to be done to completely determine the rights of the parties. *See People v. Guatney*, 214 P.3d 1049, 1051 (Colo.2009); *Keystone v. Flynn*, 769 P.2d 484, 489 (Colo.1989). Whether any particular judicial or quasi-judicial decision is final therefore necessarily depends upon the scope and nature of the proceeding and rights at issue.

■ Similarly, while there may be nothing inherent in the notion of a final judgment or decision requiring that it take any particular form, we have long accepted that finality in any particular context is subject to the dictates of statute, court rule, or regulation. *See Jones v. Galbasini*, 134 Colo. 64, 68–69, 299 P.2d 503, 506 (1956). This is especially the case with regard to formalities marking the point of finality. *See id.* And quite apart from the existence or non-existence of any express requirement in statute, rule, or regulation, we have held that due process entitles one involved in judicial or quasi-judicial proceedings to timely notice of decisions that have adjudicated his property interests, in relation to available appellate remedies. *Mountain States Tel. & Tel. Co. v. Dep't of Labor & Emp't*, 184 Colo. 334, 338, 520 P.2d 586, 588–89 (1974). Whatever form a final decision may take in any given context, therefore, a party whose property interests are adversely affected by it may not, in the absence of timely notice of the decision, be deprived of review for failing to seek it in a timely manner. *See id.*

■ Finally, although a quasi-judicial decision may completely determine the rights of the parties and end the particular action, the existence of such a final decision, in and of itself, does not bar the quasi-judicial body from reopening the action on its own motion. *See* Ziegler, A. Rathkopf, D. Rathkopf, 2 *The Law of Zoning and Planning* § 32:5 (4th ed. 2011); *see also* Comment Note, Annotation, *Power of Administrative Agency to Reopen and Reconsider Final Decision as Affected by Lack of Specific Statutory Authority*, 73 A.L.R.2d 939 (2011). Until judicial review is initiated or jurisdiction is divested in some other way, a quasi-judicial body is not necessarily precluded from reconsidering and superseding its own final decision. *See Trujillo*

*v. General Electric Co.*, 621 F.2d 1084, 1086 (10th Cir.1980) ("[T]he power to decide in the first instance carries with it the power to reconsider."). If a quasi-judicial body is authorized to and actually does reconsider a prior decision, however, it is clear that the earlier decision ceases to be final, and it is the superseding decision that ultimately ends the action and is subject to judicial review. *Cf. Dike v. People*, 30 P.3d 197, 201 (Colo. 2001) (correction of legal error by trial court resulting in reinstatement of charges supersedes earlier order dismissing action and is not void for want of jurisdiction).

### III.

The Board derived its authorization to approve or deny RCI's 1041 application in this case from Elbert County regulations. Those 1041 regulations were promulgated by the authority of section 24–65.1–203(1)(g), C.R.S. (2010), which allows counties to "designate certain activities of state interest," including "[s]ite selection and development of new communities." Elbert County's regulations not only specify the contents of the permit application, *see* Guidelines and Regulations for Areas and Activities of State Interest, Elbert County § 4–305 (adopted April 19, 1995, revised December 7, 2005) (hereinafter "1041 Regulations"), but dictate in elaborate detail the process by which it must be evaluated by the Board and the criteria according to which it is to be approved or denied, *see* 1041 Regulations § 4–307. In particular, section 2–303(5) of the 1041 Regulations specifies that an application may be deemed approved or denied as the result of the inaction or inability of the Board to reach a majority decision, but that any decision of the Board to approve or deny a permit application must state the Board's reasons, including making findings and conclusions, *in writing*. 1041 Regulations § 2–303(4). The immediately following provision of the regulations expressly provides for the initiation of an action seeking judicial review of a "final decision" of the Board, pursuant to Rule 106. 1041 Regulations § 2–304. The Board's enabling authority, itself, therefore clearly contemplates that a decision of the Board becomes final with regard to 1041 applications

*only* when the decision is supported by the Board's written findings and conclusions.

█ That the Board of County Commissioners was performing a quasi-judicial function in granting RCI's application and that Citizens had standing to challenge that decision have never been disputed by RCI. *Cf. Wright v. Lakewood,* 638 P.2d 297, 305 (Colo. 1981) (distinguishing rezoning determination from challenge to general zoning ordinance and finding Rule 106(a)(4) appropriate vehicle for review of former). Although Elbert County's 1041 regulations, just as Rule 106 itself, require the initiation of judicial review within thirty days of a final decision, without also specifying that affected parties must be provided notice of that decision, the loss of a right to judicial review for failure to timely file in the absence of adequate notice would clearly violate due process of law. *See Mountain States,* 520 P.2d at 588–89. Whether or not recording the Board's written resolution with the County Clerk and Recorder would constitute sufficient notice to satisfy due process in every case, there has been no allegation in these proceedings that Citizens was otherwise on notice of the Board's written resolution or that they failed to timely file their complaint following its recording.

While there does not appear to be any similar requirement in Elbert County's regulations or elsewhere for the written approval of RCI's related PUD application or preliminary subdivision plat application, or any separate provision for judicial review of either, all three related applications were approved in a single written resolution, which was mandated for the final approval of RCI's 1041 application. Whether or not a writing would have been required for a final decision approving or rejecting these two additional applications, the written resolution including their approval in this case constituted more than mere publication or written notice of the earlier Board action. Despite not significantly altering its oral approval of either application, by including the disposition of these two related applications in the written resolution it was required to formally adopt to approve RCI's 1041 application, the Board made clear

its intent to supersede, or finalize, the earlier oral adoption of all three applications. Where the ripeness of neither the PUD application nor the preliminary subdivision plat application was disputed, the complaint seeking judicial review of both was therefore timely filed.

## IV.

Because the Board's written resolution was necessary to finalize its approval of RCI's applications and because depriving Citizens of judicial review without notice of that resolution would violate constitutional guarantees of due process of law, the judgment of the court of appeals is reversed and the case is remanded for the resolution of RCI's remaining assignments of error.